WILLIAM T. CROOK AND JOHN ADRIANCE, Plaintiffs in Error, vs. HUGH McGREAL et al., Defendants in Error — Writ of Error from Brazoria County.

After a suit has commenced, matters may occur to prevent the plaintiff's proceeding to judgment; but, in general, a good defense to the action must exist at the time suit is commenced.

If the subject matter of a set-off is not barred at the commencement of the suit, and was then a debt due the defendant from the plaintiff, it will be good, although it may be barred at the time the answer is filed.

To authorize a judgment giving interest, the petition should show the debt to be such as, under the statute, carries interest. [1 Tex. 1,05; 21 Tex. 635.]

An error, *apparent on the record*, may be revised and corrected, though not presented by a bill of exceptions or statement of facts.

This was a suit brought by Hugh McGreal for the use of the other defendants in error.

The petition represents that one Leah Alsbury, at the instance and request of said McGreal, executed to John Adriance a deed of five hundred and fifty acres of land, the property of the plaintiff, which is particularly described; that William T. Crook promised and agreed to pay him the sum of two thousand dollars for the land; that the deed was executed to Adriance in trust for Crook, at the request of Crook; that the consideration was unpaid, though its receipt was acknowledged by the deed; that he is advised he has an equita-

ble lien on the land for the purchase money. It prays, among other things, that Crook be condemned to pay the debt, interest and costs; that the land be attached and sold, and that Adriance be ordered to release to the purchaser.

The defendant, Adriance, filed a general denial. The defendant, Crook, did the same, and claimed from the plaintiff, McGreal, a large amount alleged to be due upon certain promissory notes, etc., set forth in his answer.

A verdict and judgment was rendered in favor of the plaintiff for the amount claimed, with interest from the date of the deed. Upon which the defendant sued out this writ of error.

ROBINSON and CRITTENDEN for plaintiffs in error.

HARRIS for defendants in error.

Mr. Justice LIPSCOMB delivered the opinion of the court.

The plaintiffs in error have assigned a great many errors, on which they ask the reversal of the judgment of the court below. We consider, however, but two of them to be very material, and shall therefore confine our attention to them. It is to the 3d and 5th assignments of error. The first of them is to the third charge asked by the defendants in error, who were the plaintiffs in the court below, and given by the judge. It is as follows, i. e.: "That if the jury believe from the evidence that the notes offered in evidence by the defendant, as set off, were barred by limitation, at the time of the answer filed, they are to be rejected." This charge was given. The other error we will notice by and by. The correctness of the above charge will be inquired into. This question is not exactly new to the court. It is, to some extent, embraced by the case of Hall vs. Hodges, decided at our last term. In that case there were open accounts between the parties. The court ruled, "that although it could not be considered an account current between merchant and merchant, as embraced in the exception in the statute of limitations, yet it may be considered between the parties as an account current; and in such cases it is universally considered that one account is to balance and extinguish the other, as far as it goes. At com-

mon law, one could be given in evidence under the plea of *non-assumpsit*, in an action of *assumpsit* brought on the other."

It is on the principle that one is considered an extinguishment of the other, *pro tanto*. If this is a correct rule, then at the date of the accrual of the plaintiff's account, the defendant's account, if not barred then by the statute, would be applied to the extinguishment of the plaintiff's debt, and in this way plaintiff's account to that extent be extinguished before the bar had interposed. There is nothing in our statute of set-off that would restrain or forbid this construction of the effect of mutual debts, to extinguish each other, where there has been a running account. And the rule at common law seems, in such cases, to have assimilated to the civil law of compensation. By the civil law, the latter takes place in such cases, of course, by the mere operation of the law, even unknown to the debtors. The two debts are reciprocally extinguished as soon as they simultaneously exist. [Bouv. Tit. Compensation.]

The impossibility of extending the analogy to negotiable notes is manifest, as it would entirely destroy its negotiability, because it could not be known through what hands it had passed. The question before us, it is believed, can be settled on safer grounds, perfectly consistent with the policy of sustaining negotiable paper. It is a well settled rule of practice, that a defense must be a good defense at the commencement of the suit. After a suit has commenced, matters may occur to prevent the plaintiff's proceeding to judgment; but, in general, a good defense to the action must exist at the time suit is commenced. Now, if the debt, offered to be set off against the plaintiff, was a valid debt at the time suit was commenced, the lapse of time afterwards could not impair its validity. Where a strict regard to the forms of pleading is observed, the set-off must be averred to be subsisting at the time the suit was commenced. If the set-off was not barred at the commencement of the suit, and was then a debt due the defendant from the plaintiff, it would be good, although it may have been barred when the answer was filed. As a further

test to the correctness of this rule, suppose the defendant had pleaded that, at the date of his filing his answer, the plaintiff was indebted to him, the answer would have been demurrable. And even if the plaintiff was indebted a much larger amount to the defendant than the debt sued for, if it was not due at the commencement of the suit, he would not be permitted to give it in evidence, without the aid of a statute authorizing it under certain circumstances. These illustrations are intended to show the time when a defense must be good. If the defendant was the legal owner of the debt, and it was due, and not barred when the suit was commenced, it would stop all inquiry whether it would have been barred afterwards. [Hawthorne vs. Roberts, Hard. Rep. 70; Williams vs. Gilchrist, 3 Bibb, 49.] The judge in the court below is, therefore, believed to have erred in his third charge, given at the request of the plaintiffs.

We will proceed to examine the other error assigned.

The petition claims a debt to be due on a given day, amounting to two thousand dollars. There is no averment that this debt is on a contract in writing, showing the amount due, or or for a specific sum. It should have shown the debt to be such as, under our statute, carries interest. There was error in giving judgment for interest. [See Cloud vs. Smith & Adriance, 1 Texas R. 102.] If this, however, was the one error, it could be corrected by a remittitur, and reforming the judgment in this court; but as it would, at all events, be remanded on the other error, the plaintiff below may have an opportunity to amend, if he should believe that his debt is such as entitles him to interest.

The judgment is reversed and remanded for another trial, in conformity with the opinion of this court.

The following remarks were added by Judge LIPSCOMB to the foregoing opinion, prior to its delivery.     [REPORTERS.]

Since writing the above, the attention of the court has been called to the appellee's brief, in which he makes the point that the bill of exceptions was not signed and sealed as required by the statute, and cannot be noticed as a part of the record. The

fact of the exceptions not having the signature of the judge had escaped my notice. From the record, it appears that the trial was on the 11th of November. There appear to have been various charges asked by the appellants, and to each of them either the words "*given*," or "*refused*," written; and also the several charges asked by the appellees, to each of which is found "*given*," or "*refused*," as the case might be. These appear to have been filed, and bear date with the day of the trial, but not signed by the judge. Now, if this is to be taken as a part of the record, although not a bill of exceptions in the technical meaning of the term, yet the point would be fairly presented for revision, because it would be error, *apparent on the record*, which is one of the modes in which a question for revision may be presented. We have decided the modes to be by bill of exceptions, by the statement of facts, or by being *apparent on the record*. It is said, however, that the record of what purports to be the ruling of the court was an unauthorized act of the clerk, and constitutes no part of the record. The fact that these charges seemed to be asked in the usual form, both by the appellants and appellees, and being filed of the same date with the day of trial, creates the presumption that they were presented at the right time, and were filed by the order of the court; and if so, they properly became a part of the record of the case. In the case of Hall & Elkins *vs.* Stancel, to the use of, etc., decided during the present term, we decided that the rejection of testimony, offered by a party, appearing in the *statement of the facts of the case*, though not presented by bill of exceptions, could be revised; and it was so ruled, on the ground that all error could be corrected, if presented, either by bill of exceptions, by the statement of facts, or was otherwise apparent on the record. The error in the case of Cloud *vs.* Smith & Adriance [1 Texas R. 102] was corrected on the ground of its being apparent on the record.

This conclusion would be somewhat painful if it were accompanied by the conviction that it would be destructive of any meritorious rights. So far, however, from this being the

result in this case, it is directly the reverse. The opposite conclusion would have cut off and probably destroyed a defense that was good when the suit was commenced, and of which he was deprived by what seems to us an erroneous decision of the court below.

We see no reason to change the result of our first views, believing the point fairly before us for revision, although not presented by a bill of exceptions made in conformity to the statute.