## Hugo Fox v. Lewis Sturm.

An account rendered by one person to another does not preclude such person, from setting up and proving other additional items omitted by accident or mistake.

Where a bill of exceptions discloses facts enough to show that competent testimony has been excluded by the Court, the relevancy and materiality of which is shown by the pleadings, it is sufficient for the action of this Court without a statement of facts.

Error from Cass. Tried below before the Hon. W. S. Todd.

The only facts contained in the record are stated in the Opinion.

*M. Farley*, for plaintiff in error.

*T. J. & J. H. Rogers*, for defendant in error.

Fox v. Sturm.

ROBERTS, J. It appears by a bill of exceptions in this case that the defendant below, Hugo Fox, pleaded a set off on account against Sturm, plaintiff below, for goods, wares and merchandize, and for board, attention in sickness, rent, &c., amounting to the sum of $434 45 : that on the trial, said Fox having commenced to prove the items of his account, when Sturm produced an account of Fox similar to the one in his plea, except that it did not contain any items but those of the store account, and was only for the sum of $170 25 ; and moved the Court to exclude all of said Fox's evidence except as to the items in the latter account ; which motion was sustained by the Court.

It does not appear how Sturm came in possession of this account of Fox. The parties in argument seem to take it for granted that it was an account rendered by Fox. Upon this supposition it would have the effect of an admission in writing by Fox as to the state of his account against Sturm. If any mistake or accidental omission had been made in making out the account, it would be capable of explanation, like any other omission in writing. It does not operate as an absolute estoppel against Fox. (Coveridge v. Bothian, 1 Bosanquet & Puller, 49.)

The Court below erred in excluding all other testimony.

There is no statement of facts, and the question is presented only on a bill of exceptions.

This is sufficient when it discloses facts enough to show that the Court excluded competent testimony, the relevancy and materiality of which appear from the pleadings. (Harvey v. Hill, 7 Tex. R., 591, cited as an example ; Hart. Dig., Art. 2930.) Judgment is reversed and cause remanded.

Reversed and remanded.