WILLIAM J. WEISIGER v. BRADFORD CHISHOLM AND OTHERS.

Undoubtedly, the presumption must generally be indulged, that the charge of the court embraced a correct exposition of the whole law of the case, where the contrary is not shown by the record; but this is not a rule of invariable application.

Where the charge of the court cannot be found, but instructions, which were quite unexceptionable, and peculiarly proper to have been given, were refused, and it does not clearly appear that the right of the case has been attained by the verdict, it is better to reverse the judgment; for otherwise, if the error in refusing the instructions asked, were not corrected by the charge of the court, irreparable injury might be done to the appellant.

Where a debtor conveys property, with intent to delay, hinder, or defraud his creditors, if the purchaser, although he may have paid a valuable and adequate consideration therefor, knew or was apprised of the intent, purpose, or design of the debtor, the conveyance is void as to existing creditors and subsequent purchasers at a judgment sale in favor of such a creditor, though the conveyance was duly recorded before suit was brought by the creditor.

ERROR from De Witt. Tried below before the Hon. Fielding Jones.

Suit brought on the 30th of January, 1858, by plaintiff in error, against Bradford and Thornton Chisholm, defendants in error, for possession of a tract of land described in the petition; and to set aside, as fraudulent and void, a deed for the said land made by the defendant, Thornton Chisholm, to his brother Bradford Chisholm, on the 29th day of January, 1857.

The plaintiff alleged, that on the 12th day of October, 1856, the defendant, Thornton Chisholm, executed his promissory note for the sum of $814, to Hanks, payable January 1st, 1857, which was transferred by Hanks to Walker; who, on the 16th of February, 1857, commenced suit, and recovered a judgment thereon, on the 27th of March, 1857; that an execution was issued on this judgment, by virtue of which the land in controversy was sold on the 1st day of December, 1857, and the plaintiff became the purchaser. The plaintiff also alleged, that at the time the said deed was executed by Thornton, to Bradford Chisholm, Thornton was wholly insolvent; and that the convey-

ance was made by him, with the intent to delay, hinder, and defraud his creditors, all which was at the time well known by his brother, Bradford Chisholm.

The defendant, Thornton Chisholm, pleaded a general denial; and that he had sold the land to his co-defendant, in good faith, and without any fraudulent intent or design, for an adequate and valuable consideration, before the commencement of the suit.

The defendant, Bradford Chisholm, also pleaded a general denial; and that he purchased the land in good faith, for a full, fair, and valuable consideration, which had been paid; and he denied that he intended to aid his co-defendant in delaying, hindering, or defrauding his creditors, or that he had any knowledge of said intent on the part of Thornton, if any such was entertained by him. He also alleged, that he had purchased the land from Thornton Chisholm, and that his deed was duly recorded, long before the purchase thereof by the plaintiff, as was well known to him at the time of his purchase.

Upon the trial, the plaintiff proved the allegations of his petition as to the note, suit, judgment, execution, sale and purchase of the land by him; and introduced in evidence the deed from Thornton to Bradford Chisholm, as described in the petition; he also introduced a great deal of testimony tending to prove the insolvency of Thornton Chisholm, at the date of the conveyance of the land by him to his co-defendant; that the conveyance was made for the purpose of delaying, hindering, and defrauding his creditors; and that Bradford Chisholm knew the facts, and participated in the design.

On the part of the defendants, it was proved that the deed from Thornton to Bradford was recorded previously to the commencement of the suit under which plaintiff claimed as a purchaser. And about the same amount of testimony was introduced on their behalf, as had been by the plaintiff, tending to repel the charge of fraudulent intent, in the making of the deed under which Bradford Chisholm claimed; and to show that he had given a full and adequate consideration, &c.

Among other charges, the plaintiff asked the court to instruct the jury :

"If you believe that Thornton Chisholm made the convey- "ance in question, with the intent to hinder, delay, or defraud "his creditors, in the collection of their debts, and Bradford "Chisholm knew, or was apprised of that intent, purpose, or "design, and so purchased the land, although he may have paid "a valuable and adequate consideration therefor, and his deed "was duly recorded before suit by a creditor, yet the convey- "ance is void, and you must find for the plaintiff." This charge, together with the others asked, was refused by the court, and the plaintiff excepted.

Verdict and judgment for the defendants. A motion for a new trial was made by the plaintiff, on the following, among other grounds : because the court erred in the charge to the jury, and in refusing to give the charges asked by the plaintiff. The motion was overruled, and the action of the court in these particulars, was assigned as error.

*A. H. Phillips* and *Samuel C. Lackey*, for plaintiff in error.

*Isaac Mitchell*, and *Walters* and *Pleasants*, for defendants in error.

WHEELER, CH. J.   There appears to be error in the judgment, in the refusal of the third instruction asked by the plaintiff.   It contained the law especially applicable to the evidence, and its refusal, unless it had been given substantially in the charge of the court, was error, for which the judgment must be reversed.   But no instruction appears by the record to have been given by the court.   It is said, however, by counsel, that instructions were given, which are lost ; and it is insisted, that in their absence we must presume the law was properly given in charge to the jury.   This, undoubtedly, is the presumption which must generally be indulged.   If it did not appear that instructions, quite unexceptionable, and peculiarly proper to have been given, had been refused ; or if it clearly appeared, that

the right of the case had been attained by the verdict; we might think ourselves warranted in resting an affirmance of the judgment, upon the presumption, that the charge of the court embraced a correct exposition of the whole law of the case, although instructions were refused which might properly have been given. But where there seems to be cause to doubt the correctness of the verdict, upon the evidence, and an instruction so proper to have been given was refused, we think we ought to hesitate to affirm the judgment, notwithstanding the apparent error, upon the mere presumption of the correctness and completeness of a charge of the court, which we have not the opportunity to revise; especially when, if the error in refusing instructions, was not corrected by the charge, the injury to the appellant may be irreparable.

We do not mean to intimate an opinion upon the merits of the case. The jury were the judges of the credibility of the witnesses, and their finding may be in accordance with the right and justice of the case. But this does not appear so manifestly, upon the evidence, as to relieve the case of doubt. Proper instructions were refused the appellant. Without any fault of his, he is deprived of the opportunity of having the charge of the court revised; and this court are deprived of the opportunity of being satisfied that the apparent error, in refusing instructions, was corrected by the charge. Upon the whole, in view of the character of the evidence, and the circumstances of the case, we think it safer to reverse and remand the case for a new trial, than to rest an affirmance of the judgment upon the mere presumption of its correctness when, upon the record as presented for revision, there is manifest error apparent. If the judgment is correct, its reversal will operate an inconvenience only to the appellee, as we must suppose the same result will be attained upon another trial. If it is erroneous, its affirmance might operate an irreparable injury to the appellant.

We are of opinion that the judgment be reversed, and the cause remanded for a new trial, in which the law and right of the case may be more certainly attained.

43                              Reversed and remanded.