## R. S. RAGLAND v. G. F. ROGERS, ADM'R, ETC.

1. Though there is no statement of facts, yet if the instructions given and refused raise a strong presumption that proper evidence was excluded by the court, to the prejudice of the appellant, the judgment will be reversed.

2. A homestead in a town or city may consist of any number of lots, provided their aggregate value does not exceed the amount prescribed by law.

3. It is immaterial whether the several lots constituting an urban homestead adjoin each other, or whether they are separated from each other by streets, or by lots of other proprietors. (Mr. Justice Ogden dissenting.)

4. The widow of a decedent is not compelled to accept as the homestead the identical premises which were the homestead before her husband's death. She has the right to select, out of the entire estate, the homestead to be set apart for herself and children.

5. When the homestead selected by the widow was of less value than $2000, (the maximum previous to the Constitution of 1869,) she was entitled to have the deficiency made up in money arising from other property of the estate, if there was other property. (Mr. Justice Ogden dissenting.)

6. See the dissenting opinion of Mr. Justice Ogden for the reasons on which he controverts certain of the foregoing rulings.

ERROR from Victoria. Tried below before the Hon. Wesley Ogden.

This case arose and was adjudicated in the lower courts previous to the adoption of the Constitution of 1869.

The character of the cause and the material facts are sufficiently indicated in the opinion of the court.

*Hancock & West*, for the appellant.

these indispensable parts of a record for revision, is attempted to be accounted for by affidavit of the counsel that the district court adjourned the same day the judgment was rendered, and unexpectedly to them. This may be true in fact, but affords no excuse in law. They knew, as lawyers, that the bills of exceptions must be signed, and that the statement of facts must be made up, approved and signed during the term, and it was their business to find out when the term would end. (See statute, Paschal's Digest, article 1490.)

The want of the statement of facts cannot be supplied by affidavit or otherwise, (Walker v. McNeill, Dallam, 541; Prewitt v. Woods, 1 Texas, 522; Garnett v. Roberts, 16 Texas, 556;) nor can it be supplied by agreement of counsel; (Sheldon v. Boyce, 20 Texas, 830;) and we may say that to allow it to be supplied in any way would not only be a violation of the statute but would open the door to dangers startling to contemplate.

Without a statement of facts or a bill of exceptions there is nothing in this cause which this court can revise. In Moore v. Hardison, 10 Texas, 467, which was a probate case like the present, this court refused to revise or reverse the judgment, because there was "no bill of exceptions or statement of facts, showing the ruling of the court on any question of law, or statement of the evidence upon which the judgment was founded," but declared, in conclusion of their opinion, that "it is not sufficient that it may be supposed there was error in the court below. That error must so distinctly appear that the finger can be put upon it; and we have uniformly decided, whenever the question has been presented, that where there is neither statement of the facts, nor bill of exceptions, nor error apparent upon the record, we must presume the judgment below was rightly rendered, and upon sufficient legal testimony. (Dewees v. Hudgeons, 1 Texas, 192; Jones v. Black, 1 Texas, 527; Duffield v. Bodine, 2 Texas, 292; Bodine v. Houston, 2 Texas, 594; Kirkman v. Snively,

2 Texas, 447.) There is nothing to which we can point in the record in this case, and say 'upon this point the court·erred,' or 'here is error.'" (10 Texas, 473; and see also Dalby v. Booth, 16 Texas, 563; Armstrong v. Lipscomb, 10 Texas, 649.)

The assignment of errors attacks the instructions of the court to the jury; but, without a statement of facts, neither instructions nor a refusal to give them, can be revised. (Lewis v. Black, 16 Texas, 653; Holman v. Britton, 2 Texas, 299, 304; Chandler v. The State, 2 Texas, 308; Henderson v. Trimble, 8 Texas, 175.) And this is not only settled by authority, but is reasonable in itself; for without their statement of facts how can this court determine whether the district court stated to the jury, or failed to state to them, the law applicable to the facts which the evidence conduced to establish? Or, how can this court know whether a certain instruction could or could not mislead the jury when applied to the facts shown in evidence?

EVANS, P. J.—In this case the plaintiff brings her suit in the county court as the widow of the late John B. Ragland, deceased, against his administrator, averring that she and her children are reduced to absolute want, and praying the court to set apart to her, for her use and that of her children, certain lots of ground in the town of Victoria, or so much thereof as might amount to her homestead claim of two thousand dollars, and all exempt personal property not received by her in kind, or in lieu thereof, its value in money; proposing to have set apart for her certain lots, including her dwelling, at their appraised value, to-wit: $2863, agreeing to pay to the administrator the excess, $863.

The plaintiff amends her original petition, and asks, in case her prayer is not granted, that she be permitted to select, in lieu of the lot on which her dwelling is situated, other lots at their appraised value.

On the hearing of the case in the county court, there was a de-

cree from which the plaintiff appealed to the district court, where the case was tried *de novo*, and at the hearing thereof the court charged the jury :

" In this case I charge the jury, that you are to find one specific verdict, viz. : What was Dr. Ragland's family residence at the time of his death ? And in determining this issue, you should determine from the evidence what lot or lots, with the improvements thereon, Dr. Ragland with his family occupied as a residence at the time of his death.

" I further charge you that you should not, in forming your verdict, take into consideration any facts or proof of the ownership by Dr. Ragland of any farm land, or even town lots, provided the same is separated by a street, or property owned by other parties, from the lot on which the actual family residence is situated."

The court refused to charge that a man's residence is not confined, if within the limits of a town, recognized as such by act of incorporation and extension of streets, etc., to number or contiguity of lots, but embraces the lot or lots used and occupied by the family, or any portion of it.

Under the instructions of the court the jury found the following special verdict : " That the family residence of Dr. J. B. Ragland, at the time of his death, was the lot No. 4, upon which his house was built, in block No. 71, in the town proper of Victoria."

Upon this verdict the court decreed that " the homestead of said decedent, consisting of building lot No. 4, in block No. 71, in the town of Victoria, with the improvements thereon, be set apart to said widow and the children," and that " the personal property exempt from forced sale be set apart to the said widow and children."

From this decree the plaintiff, by writ of error, comes into this court and assigns as error the charge of the court, and the refusal of the court to give the charge asked by petitioner.

There being no statement of facts nor bill of exceptions, this

court cannot consider all the points raised by the assignment of errors, but will only consider the error patent in the charge of the court below, in excluding testimony from the jury, by charging the jury not to consider " any facts or proof of the ownership by Dr. Ragland of any farm, land, or even town lots, provided the same is separated by a street or property, owned by other parties, from the lot on which the actual family residence is situated."

The appellant attempts, in his brief, to supply the want of a statement of facts and bill of exceptions, by an affidavit made some days after the adjournment of court, alleging that contrary to custom the court below adjourned on the same day upon which the trial took place, and thus prevented the plaintiff's attorneys from having it in their power to submit to it either the one or the other.

It is not necessary for this court to express an opinion as to the proper course of counsel in the court below, upon such a contingency, for the error in the charge to the jury is apparent on the record. (See Crook, et al., v. McGreal, 3 Texas, 487; Galbreath v. Templeton, 20 Texas, 45; Fox v. Sturm, 21 Texas, 406; Weisiger v. Chisholm, 22 Texas, 670; Davis v. McGehee, 24 Texas, 209; Neill v. Newton, 24 Texas, 202.)

It needs no statement of facts to make the presumption strong in the mind of this court that this charge excluded proof of the existence of other lots than No. 4, block No· 71, which formed a part of the homestead, and which the plaintiff was entitled to have included, provided the said lot. No. 4, block No. 71, was less than $2000 in value.

It is obvious that the ruling of the court was made under the impression that a homestead in a town or city could not be separated by a street, or by property owned by another, though of less value than $2000.

Chief · Justice Hemphill, in the case of Pryor v. Stone, 19 Texas, 371, says:  " The limitation of the homestead in a town is

not to the number, but to the value of the lots," nor "how far, or how near, or how remote from each other."

The limitation of the homestead is not confined to the former residence of the family, nor to town or country. The law gives the widow the full and free right of selecting and having her homestead set apart, for her and her children, out of the whole property of her deceased husband.

The homestead exemption is for the benefit of the family, and the head of the family is entitled to select his or her homestead, as he or she may judge from the circumstances of each case to be for the best; and where the homestead selected by the widow may not be of the value of $2000, it should be made up in money arising from the sale of other property, should there be any. For these reasons this case is reversed and remanded.

Reversed and remanded.

OGDEN, J.—I cannot concur in the opinion of the court in this cause, for two reasons:

First—I do not believe that the framers of the Constitution, or the laws, ever intended that a homestead of a family in a town or city might consist of lots or parts of lots wholly distinct from each other, and separated by streets, or other real estate of other persons; nor do I believe that a legitimate and proper construction of the law would permit such an interpretation, and for my reasons I refer to the dissenting opinion in the cause of Richards v. Nelms, decided at this term of the court.[1]

Neither can I consent to the principle enunciated in this case, that the surviving widow may retain the homestead, and when it is not of the value prescribed by the Constitution, that she may have that amount made up to her in other property belonging to

---

[1] The decision rendered in Richards v. Nelms was set aside at a subsequent day of the term; which explains why it is not reported.—REPORTER.

the estate.    Under the present Constitution this rule would wholly preclude the collection of any and all debts from much the larger proportion of the estates of deceased persons.    Indeed, this rule would, in many instances, place the widow in a much higher condition of affluence than she had ever been accustomed to at any former period of her life, and this at the expense, and perhaps ruin, of widows and children more deserving.    I cannot think this the object of the law.    This construction will inaugurate a new rule, never before recognized in this State, and I cannot consent to the innovation.

## THOMAS HILL v. THE STATE.