HENRY MAGEL ET AL. v. C. M. HITCHCOCK.

(No. 2749.)

TRESPASS TO TRY TITLE — EVIDENCE.— It is not sufficient to reverse a judgment simply because the court below may have erred in its rulings as abstract propositions of law, or because it may have given reasons not deemed sufficient. But the complaining party must make it appear also that he has been deprived of some right or has been injured by the erroneous ruling.

APPEAL from Guadalupe county. Opinion by WALKER, P. J.

STATEMENT.— This was a suit brought by the appellee against the defendants to remove a cloud from his title to

a certain tract of land. The defendants set up no defense other· than the plea of "not guilty" of the alleged trespasses alleged in the petition; that they have held and possessed the land in controversy for thirty years before the institution of this suit, holding the same under deeds duly recorded, paying taxes thereon; that the plaintiff's was, therefore, a stale demand. The defendants also pleaded that the suit was vexatious, and prayed for damages in reconvention against plaintiff. The defendants' answers did not set forth any specific title under which they claimed, nor otherwise deraign the same except in the general allegations above set forth.

The cause was submitted to the judge without a jury. On the trial the defendant offered parol testimony to prove the contents of a certain judgment of a justice of the peace in 1840, upon which an execution was issued and this land was sold. The defendant, Neill, had filed an affidavit to establish loss of and search for the docket containing the judgment; the testimony offered was objected to by the plaintiff on the ground that the evidence offered was secondary, and no proper or sufficient predicate for its introduction had been laid in the affidavit to dispense with the production of the original, and to allow of secondary evidence of its contents. The court sustained the objection and .excluded the testimony, to which the defendants excepted; the court rendered judgment for the plaintiff, and defendants prosecute this writ of error.

The record contains no statement of facts. The appellants assign the ruling of the court excluding the testimony as grounds of error.

OPINION.— It is not necessary to consider the grounds upon which the ruling complained of was based, nor whether it was abstractly correct as a legal proposition or not, because, there being no statement of facts in the record, under the pleadings in the case, the supposed error is not the proper subject of revision by this court.

This case is not brought within the exceptions to the general rule, that, ordinarily, the supreme court will not revise errors of the court below in admitting or rejecting evidence. See Galbreath *v.* Templeton, 20 Tex., 45; Fox *v.* Sturm, 21 Tex., 406.

The bill of exceptions does not recite any evidence which was adduced to the court, or which was offered to be adduced by the defendants in connection with the testimony which was offered by them and excluded under plaintiff's objections, whereby, and from which, we are enabled to perceive that they sustained any injury by reason of such exclusion. "It is not sufficient to reverse a judgment simply because the court below may have erred in its rulings as abstract propositions of law, or because it may have given reasons not deemed sufficient. But the complaining party must make it appear, also, that he has been deprived of some right or has been injured by the erroneous ruling." Jones *v.* Cavasos, 29 Tex., 433.

Neither do the defendants' pleadings, when considered in connection with their bill of exceptions, have the effect to vary the application of the general rule. Their answers disclosed no title pleaded or described by them which can, upon the face of the evidence which was offered and excluded, enable us to connect the one with the other, and to determine that the exclusion of the testimony operated upon a matter which was, under the issues, necessarily material and relevant. Fox *v.* Sturm, 21 Tex., 406.

AFFIRMED.