JOHN C. WALKER, ADMINISTRATOR, v. JOHN D. FEARHAKE.

Decided June 1, 1899.

**1. Limitations—Set-off.**

Where a defendant in an action upon a note pleads in set-off claims based upon open accounts, the civil law doctrine of compensation, or the extinguishment of mutual debts, can not be invoked, and the plaintiff, though an administrator, may plead limitations against the set-off.

**2. Same—Filing Suit by Plaintiff Suspends Statute as to Set-off.**

As against a plea of set-off, where the claim was existing at the time the suit was filed, such filing suspends the statute of limitations, and the set-off will be good although it may be barred, in mere point of time, when the answer setting it up is filed.

ERROR from the County Court of Galveston. Tried below before Hon. MORGAN M. MANN.

*John C. Walker,* for plaintiff in error.

*Davidson, Minor & Hawkins* and *J. A. Whitaker,* for defendant in error.

GARRETT, CHIEF JUSTICE.—This action was brought in the County Court of Galveston County on January 9, 1896, by the defendant in error as administrator of the estate of William H. Kelly, deceased, against Auguste B. Dallian as the executrix of Charles Dallian, deceased, to establish as a claim against the estate of said Charles Dallian a promissory note in favor of said Kelly for the sum of $500, executed by said Charles Dallian on May 22, 1893. On January 21, 1896, the executrix filed a suggestion that she had qualified as such executrix on July 16, 1895, and claimed the privilege of not answering within the year. But afterwards, on May 15, 1896, she appeared and answered and pleaded payment of the note, averring that her testator in his lifetime kept running accounts with the said Kelly, and that at the date of the death of the said Kelly the latter was indebted to her testator in a balance of $250. Her plea was general, and did not set up distinctly the nature and the several items of the counterclaim. On May 18, 1896, the executrix resigned and the plaintiff in error, John C. Walker, was appointed administrator of said estate, with the will annexed, and qualified on May 29, 1896. By an amended original petition filed October 13, 1896, Walker was brought in as a defendant and relief was sought against him. He filed, on July 10, 1897, an amended original answer, in which for the first time was pleaded in set-off and extinguishment of the note sued on distinctly the nature and the several items of the account in favor of Dallian against Kelly, as required by Revised Statutes, article 751. To the account thus set up the plaintiff pleaded the statute of limitations of two and four years, both by demurrer and special plea in bar. The demurrers do not appear to have been insisted on. The case was

tried by the court without a jury, and evidence was heard which showed the due execution and delivery of the note, and that it was properly verified and presented for allowance as a claim against the estate of Charles Dallian, deceased, and was rejected. It also appears from the uncontroverted evidence that the account in favor of Charles Dallian against William H. Kelly was correct, and showed a just balance in favor of said Dallian on December 28, 1893, the date of the last item, of the sum of $1306.28, independently of the note sued on which was not credited in the account. The account was never proved up as a claim against the estate of Kelly, and was never presented to his administrator for allowance. Dallian was a wholesale liquor dealer, and Kelly kept a saloon. The items charged against Kelly were for liquors, cigars, and cash. He was credited with cash and railroad time checks, which were accepted by Dallian as cash. The items of the debits ran from March 2, 1892, to December 28, 1893, and the credits from April 6, 1892, to September 18, 1893. When he had received his last credit Kelly then owed Dallian on account $614.93. Dallian after that date sold Kelly goods and advanced him money to the amount of $691.35. Kelly died December 28, 1893, and his administrator qualified August 7, 1894. After hearing the evidence the court rendered judgment in favor of the administrator of Kelly, establishing the full amount of the note, principal and interest, to wit, $646.05, as a claim against the estate of the said Charles Dallian, deceased. No conclusions of fact and of law were filed by the trial judge, but in arriving at the judgment rendered he necessarily must have sustained the plaintiff's plea of two years limitation to the account pleaded in set-off by the administrator of Dallian.

Where there are mutual debts between the two persons and one dies, the survivor is entitled to plead his claim in set-off to an action brought by the administrator on the claim due the deceased, and in such case it is not necessary that the claim pleaded in set-off should have been presented to the administrator and rejected. Smalley v. Trammel's Admr., 11 Texas, 10; Morton v. Gordon, Admr., Dall., 396. But when the claim pleaded in set-off has never been probated as a claim against the estate of the deceased, the defendant, if his claim should be the largest, can not recover the difference. It would only operate as an extinguishment of the debt. Mitchell v. Rucker, 22 Texas, 66. It is clear that the administrator of the person who is sued would have the same right of set-off as a living person would. The civil law doctrine of the extinguishment of mutual debts does not apply, however, and the statute of limitations will run against the set-off, and may be pleaded as a defense thereto by the party against whom it is asserted. Holliman v. Rogers, 6 Texas, 91; Howard v. Randolph, Admr., 73 Texas, 459.

As stated by the court in Holliman v. Rogers: "Some confusion has arisen on this subject by confounding compensation with set-off. The former is an acknowledged principle of the civil law jurisprudence. Whenever there were cross-debts, as soon as it occurred, without the act

of either party, or even their knowledge at the time of the existence of such cross-debts, it by operation of the law struck the balance between the parties. A demand so held was payment to the extent of its amount, and the balance defined the character of debtor or creditor. This principle is unknown to the common law jurisprudence, except in the single instance of running accounts between merchants, and by analogy we felt ourselves authorized in the case of Hall v. Hodge, 2 Texas, 323, to extend it to running accounts between parties not merchants. Set-off was also unknown to the common law. Each party was left to his cross-action for the collection of their respective debts. It is the creation of the statute. Chandler v. Drew, 6 N. H., 469. Our statute authorizing discounts and set-offs does not introduce the civil law doctrine of compensation; and as the common law is the law of our court in regulating rights and remedies accruing since its introduction, we do not feel authorized to extend the principle of compensation beyond what we have heretofore done."

The question then arises, did the court below properly apply the statute of limitations against the account in favor of Dallian's estate? Kelly died December 28, 1893; his administrator qualified August 7, 1894. The statute of limitations against the account was suspended during the interval, amounting to seven months and nine days. Rev. Stats., art. 3369. It would then require a full period of two years, seven months, and nine days to bar an item of the account. Rev. Stats., arts. 3354, 3355, 3369. If limitation is computed to the time of the filing of the plea setting up the account, July 10, 1897, each and every item of the account would be barred and the judgment of the court below would be correct. But if limitation is suspended by the filing of the suit, January 9, 1896, only such items of the account as accrued prior to a date two years, seven months, and nine days prior to January 9, 1896, to wit, June 1, 1893, would be barred, and since Kelly became indebted to Dallian after that date for items largely in excess of the note sued on after allowing all credits to his account, the judgment of the court below should have been in favor of the plaintiff in error.

Against the matters set up in a plea in reconvention limitation will run up to the time of the filing of the plea. Fowler v. Stoneum, 11 Texas, 478; Senter v. Whitaker, 66 Texas, 624. But against a plea of set-off where the claim was existing at the time the suit was filed, the filing of the suit suspended the statute. If the subject matter of a set-off is not barred at the commencement of the suit, and was then a debt due the defendant from the plaintiff, it will be a good set-off although it may be barred at the time the answer is filed. Crook v. McGreal, 3 Texas, 487; Holliman v. Rogers, 6 Texas, 91; Trimyer v. Pollard, 5 Gratt. (Va.), 460; Angell on Lim., sec. 74, and note; Id., sec. 75.

In the cases of Crook v. McGreal and Trimyer v. Pollard, supra, the precise point was decided. McGreal sued Crook for $2000. Crook pleaded in set-off promissory notes that appeared to be barred by limitation at the time the answer was filed, but were not barred at the institu-

tion of the suit. A charge to the jury by the court below that if they believed that the notes offered in evidence as set-off were barred at the time the answer was filed, they should be rejected, was held to be error. In the case of Holliman v. Rogers, in passing upon instructions given and refused as to the running of the statute, the court said: "Both [instructions] are believed to present the single proposition that if the notes offered in evidence by way of set-off by the defendant were barred by the statute of limitation before the commencement of the suit, they could not be valid and legal set-off. This, as a common law proposition, can not be successfully controverted, because to make it a valid set-off it must be a valid subsisting debt due from the plaintiff to the defendant at the time the suit was brought. Now if the debt was barred by the statute of limitations it was not a valid subsisting debt due." Crook v. McGreal was cited by counsel for appellant in the case of Senter v. Whitaker, supra, but the court, citing Fowler v. Stoneum, said: "The matter which the defendants set up is not one in offset, but one in reconvention, which, unless prosecuted within two years from the accrual of the action, would be barred." So, while Crook v. McGreal stands alone in our Supreme Court reports as decisive of the question, yet it stands unchallenged, and finds support in the decisions of other jurisdictions, although there is high authority to the contrary. We are of the opinion that the court below erred in sustaining the plea of limitation to the account. Its judgment will therefore be reversed, and judgment will be here rendered in favor of the defendant, that the plaintiff take nothing by his suit.

*Reversed and rendered.*