## HARBIN v. HOOD et al.   (No. 354.)

(Court of Civil Appeals of Texas. Waco. May 27, 1926.)

1. Appeal and error ⬦837(4) — Reviewing court may consider allegations in counterclaim in connection with plaintiffs' supplemental petition in reply thereto in determining counterclaim's sufficiency.

Reviewing court, in interpreting and in passing on sufficiency of counterclaim, may consider allegations thereof in connection with allegations of plaintiffs' supplemental petition in reply to such counterclaim.

2. Set-off and counterclaim ⬦41—Where demands of brokers as raised in complaint and counterclaim for commissions were mutual, and claimed in same right, held that there was no misjoinder, in that transaction involved liability of owner of land and member of plaintiff's firm not owning interest in such land.

Where gist of brokers' action was a demand for sum which had come into defendant broker's hands which plaintiffs claimed belonged to them, and gist of defendant's counterclaim was a demand for sum which had come into plaintiffs' hands, and which he claimed belonged to him, demands of parties being mutual and claimed in same right, held, that there was no misjoinder, in that transaction involved rights of owner of land for which commissions were claimed and member of plaintiffs' firm not alleged to have owned any interest in such land.

3. Set-off and counterclaim ⬦34(1)—Where counterclaim was on certain demand, defendant need not show his counterclaim was founded on cause of action arising out of, or connected with, plaintiff's cause of action (Rev. St. 1911, arts. 1325, 1329, 1330); "debt"; "certain demand."

Where counterclaim was based on a certain demand, defendant was not required to show that cause of action arose out of, or was in-

cident to, or connected with, plaintiffs' cause of action, such showing being required only when an uncertain or an unliquidated demand is pleaded in reconvention, in view of Rev. St. 1911, art. 1330; "debt," as used in article 1325, and "certain demand," as used in article 1329, denoting any sort of promise or obligation to pay money.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Certain Demand; First and Second Series, Debt.]

**4. Limitation of actions ⬤⟶41—Debt not barred by limitation at time suit was instituted might be set up as set-off, though barred as basis of an independent suit when counterclaim was filed.**

Where there were mutual debts, and defendant's debt was not barred by limitation when plaintiff's suit was instituted, defendant might by counterclaim set up his debt as a set-off, though barred as basis of an independent suit when counterclaim was filed.

Appeal from Ellis County Court; H. R. Stovall, Judge.

Action by O. E. Hood and another, doing business under the firm name of the Hood Realty Company, against E. P. Harbin, in which defendant filed a counterclaim. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

F. L. Wilson and Farrar & Kemble, all of Waxahachie, for appellant.

Supple & Harding, of Waxahachie, and J. F. Harrington, of Plano, for appellees.

GALLAGHER, C. J. This suit was instituted in the county court of Collin county on March 15, 1917, by appellees O. E. Hood and F. T. N. Hood, doing business under the firm name of Hood Realty Company against appellant E. P. Harbin. The parties will be designated as in the trial court. Defendant interposed a plea of privilege, and the case was transferred to Ellis county. Defendant, on the 4th day of June, 1917, filed his original answer, consisting of a general denial only. On March 24, 1920, plaintiffs filed an amended petition, and alleged that they were engaged as real estate agents in Collin county, selling lands for others on commission, and that the defendant was engaged in the same kind of business, and that they, plaintiffs and defendant, frequently acted together in the sale of lands, and divided the commissions; that they, so acting together, made a sale of certain lands, and that their commission for such sale was embraced in a certain vendor's lien note, which defendant, with their consent, on July 17, 1917, sold for cash; that the entire proceeds of such sale were received by the defendant, and that in dividing such proceeds defendant retained and refused to pay over to them the said sum of $400 which belonged to them. No further proceedings were had in said cause until November 22, 1924, at which time defendant filed his first amended answer, in which he pleaded a counterclaim in the sum of $400. As a basis for said counterclaim he alleged, in substance, that plaintiff O. E. Hood and another employed him to find a purchaser for a certain tract of land containing 160 acres, and agreed to pay him out of the proceeds of sale thereof $5 per acre for such service; that he found a purchaser, and said sale was consummated, and said O. E. Hood collected the entire proceeds of such sale, including $5 per acre, amounting in the aggregate to $800, which was due him as commission; that said Hood paid him only the sum of $400 of the amount so collected and due to him as aforesaid, and retained the remaining $400, and applied the same to the use of plaintiffs' firm, composed as aforesaid. He alleged that said $400 so withheld from him was due on November 20, 1916, and that he retained the $400 sued for by plaintiffs out of the proceeds of said note in payment of the amount due him and retained by plaintiffs as aforesaid.

Plaintiffs, by supplemental petition, excepted to defendant's counterclaim on the ground that it showed on its face: (a) That it was barred by the two-year statute of limitation; (b) that it was barred by the four-year statute of limitation; (c) that the cause of action so set up was not incident to, connected with, or arising out of the transaction on which their suit was based, and that it was not a proper set-off under the statute; and (d) that it showed a misjoinder of actions, in that it set up a transaction involving the interest and liability of the other owner of the land referred to therein and of the other member of plaintiffs' firm not alleged to have owned any interest in said land. Among other defenses, plaintiffs pleaded that under the agreement between them and defendant the commission for the sale of the land as set out in said counterclaim was to be divided equally between plaintiffs and defendant, and that they had paid to defendant the sum of $400, the same being his half of said commission, and all that he was entitled to receive out of the same. Plaintiffs also pleaded that they at that time, and also at the time of the transaction sued on by them, constituted the firm known as Hood Realty Company; that they issued a check on the First Guaranty State Bank for the sum of $400, payable to defendant and signed the same in their firm name, and delivered the same to defendant; that he accepted the same, and on or about January 13, 1917, received the money therefore; that he agreed to receive, and did receive, the same in full satisfaction of all claims against them growing out of said transaction.

The case came on for trial. The court sustained all of plaintiffs' exceptions to defendant's counterclaim, and, after hearing the evidence, instructed a verdict for plaintiffs for the sum sued for, with interest from Jan-

uary 12, 1917, amounting in the aggregate to $568.53. Judgment was duly rendered in favor of plaintiffs against defendant for said sum.

### Opinion.

[1, 2] Defendant complains in this appeal of the action of the court in sustaining plaintiffs' exceptions to his counterclaim. Defendant's allegations concerning the basis of his claim that plaintiffs, as partners, were liable to him for the cause of action asserted in his counterclaim are rather vague. We are, however, authorized, in interpreting the same and in passing upon the sufficiency thereof, to consider such allegations in connection with the allegations of plaintiffs' supplemental petition in reply to said cross-action. Peoples v. Brockman (Tex. Civ. App.) 153 S. W. 907, 910 (writ refused), and authorities there cited; Clem Lumber Co. v. Elliott Lumber Co. (Tex. Com. App.) 254 S. W. 935, 936, 937, and authorities there cited. When the allegations of said counterclaim are considered in connection with the allegations in plaintiffs' supplemental petition, it clearly appears that plaintiffs, as a firm, collected the entire commission, amounting to the sum of $800, due on account of the sale set up in defendant's counterclaim; that they claimed that they were entitled to one-half thereof; that they sent him a check for the $400 conceded to belong to him, and retained the remainder of said commission in their hands, claiming the same as their own. Having received the entire commission, and attempted to account to defendant for his interest therein, the issue of whether they had fully accounted for such interest was one between them and defendant, and the original owners of the land as such were not involved in the controversy. The gist of plaintiffs' suit was a demand for $400 which had come into defendant's hands and which they claimed belonged to them, and the gist of defendant's counterclaim was a demand that he be allowed an offset for $400 which had come into plaintiffs' hands and which he claimed belonged to him. The demands of the respective parties as alleged were mutual and claimd in the same right, and the court erred in sustaining plaintiffs' exception (d) raising the issue of misjoinder. Tyson v. Jackson Bros. (Tex. Civ. App.) 90 S. W. 930.

[3] The statute provides, in substance, that whenever any suit is brought for the recovery of any debt the defendant shall be permitted to plead any counterclaim which he may have against the plaintiff. R. S. 1911, art. 1325. The word "debt" is used in said statute in a general sense to denote any sort of promise or obligation to pay money, and the term "certain demand" used in article 1329 of said statutes has the same meaning. Duncan v. Magette, 25 Tex. 245, 256; Jones v. Hunt, 74 Tex. 657–659, 12 S. W. 832. Plaintiffs

sued on a certain demand, and defendant by counterclaim pleaded a certain demand as a set-off. It was not necessary for defendant to show that his counterclaim was founded on a cause of action arising out of, incident to, or connected with, plaintiffs' cause of action. 34 Cyc. 625, 629; Jones v. Hunt, supra. Such showing is required only when an uncertain or unliquidated demand is pleaded in reconvention. R. S. 1911, art. 1330. The court erred in sustaining plaintiffs' exception (c) above recited.

[4] Plaintiffs filed their suit on March 14, 1917. Defendant alleged in his counterclaim that the cause of action there asserted accrued on November 20, 1916. It was clearly not barred by limitation at the time plaintiffs instituted the suit. The rule in this state is that, where there are mutual debts held by the respective parties, and defendant's debt is not barred by limitation at the time plaintiffs' suit is instituted, defendant may by counterclaim set up his debt as a set-off to plaintiffs' demand, notwithstanding it may be barred as the basis of an independent suit at the time such counterclaim is filed. Crook v. McGreal, 3 Tex. 487, 489, 490; Holliman v. Rogers, 6 Tex. 91, 98; Hall v. Hodge, 2 Tex. 324, 328, 329; Nelson v. San Antonio Traction Co., 107 Tex. 180, 188, 175 S. W. 434; Walker v. Fearhake, 22 Tex. Civ. App. 61, 52 S. W. 629, 630; Shaw v. Faires (Tex. Civ. App.) 165 S. W. 501, 504; First Nat. Bank v. Shaw (Tex. Civ. App.) 260 S. W. 309, 312, 313. The court erred in sustaining plaintiffs' exceptions (a) and (b) raising the issue of limitation.

The judgment of the trial court is reversed, and the cause remanded.