## MORRISS–BUICK CO. v. DAVIS.

### No. 11201.

Court of Civil Appeals of Texas. Dallas.
April 1, 1933.

Rehearing Denied April 29, 1933.

Burgess, Burgess, Chrestman & Brundidge and L. E. Elliott, all of Dallas, for appellant.

W. J. Rutledge, Jr., of Dallas, for appellee.

BOND, Justice.

This suit was filed on May 19, 1931, in a district court of Dallas county by appellee, Wirt Davis, herein called plaintiff, against appellant, Morriss-Buick Company, a corporation, herein called defendant, to recover $2,780, alleged to be due for the last two months rental on premises leased by plaintiff to defendant for a term beginning August 14, 1924, and ending August 14, 1929.

The contract is evidenced by a written instrument dated January 5, 1924, and the covenants therein, pertinent to this appeal, provide that the lease was for a term of five years, to begin at the date a building, which plaintiff agreed to construct, should be completed and ready for occupancy; that defendant was to pay the sum of $69,000, payable in installments of $1,050 cash, to cover the first month's rent, $1,050 per month for the following 35 months, and $1,300 for the last 24 months; (by mutual agreement, the last installments were increased by $90 per month, due to certain improvements made to the building), and that "(7) in the event the building herein leased is not completed and ready for occupancy by May 1st, 1924, lessee agrees to accept the building when it is completed and * * * provided that should said building not be ready for occupancy by June 1, 1924, lessor shall pay liquidated damages at the rate of Six Hundred Fifty Dollars ($650.-00) per month or any fractional part thereof."

The building was completed and the lessee began occupancy on August 14, 1924, and paid all installments of rent, except for the last two months of said five-year period, which payments were refused, because of the failure of the lessor to pay the liquidated damages for the three and one-half months from May 1, 1924, to August 14, 1924.

Trial was had before the court without a jury and judgment rendered in favor of plaintiff against defendant, for the sum of $2,954.25, the amount of the last two installments of rent, together with interest there-

on from the date such payments were due at the rate of 6 per cent. Defendant appeals.

Defendant assigns error on the action of the court in overruling its application for continuance, based upon the absence of one Morriss, president and general manager of defendant company, a witness for defendant, and whose testimony is alleged to be material to identify records of his company, and to testify as to their contents, which would tend to show "that the period of said term of said lease sued on began on or about September 16, 1924, in that the building was not completed until on or about said date, as provided by said lease, and that the payments were made for rentals as alleged in defendant's first amended original answer filed herein, and particularly set out in paragraph III thereof, and that this defendant did not occupy said building beyond the period and term of said original lease of five years, and that the calculations heretofore made by defendant with respect to the date of the beginning and termination of said lease were due to mistakes inadvertently made, as set out in paragraph II of said answer. * * *"

The "records" which is alleged the absent witness would "identify and testify as to their contents" were not attached to the application or exhibited to the court. The court could hardly be expected to determine the importance of the "records" or the testimony of the absent witness "as to their contents," by such general allegations. The records evidently would have shown their importance and the contents thereof would have spoken for themselves. Their identity and contents could hardly have been questioned. Notwithstanding the insufficiency of the allegations, the court heard evidence on the application and embodied its findings in the judgment of the court.

On the hearing, the record shows that it was a second application for a continuance, that the absent witness had no connection whatever with the defendant company until four years after the making of the lease contract, and no contention was made that the facts alleged could not be supplied from other sources.

It is an elementary rule of law that a motion for continuance, which is not the first application, rests within the sound discretion of the trial court; accordingly, the trial court exercised that discretion and overruled the application. This court would not be warranted in setting aside the order of the court thereon unless an abuse of the discretion was clearly shown, which we think was not done in this case.

The defendant further assigns error to the action of the trial court in sustaining plain-

tiff's special exception directed to paragraph IV of defendant's amended answer and, in effect, holding that the claim embodied therein was, in law, a cross-action seeking to recover damages which occurred more than four years prior to the filing of such pleadings, and was accordingly barred by the four years' statute of limitation.

Defendant filed its said amended answer on August 29, 1931, and said paragraph IV reads:

"For further special answer, if need be, this defendant would show unto the court that under the terms and conditions of said written lease sued on by plaintiff herein, it was provided that plaintiff should build on his said property, a certain business building. to be agreed upon, for the occupancy of defendant, lessee in said contract of lease, and it was expressly agreed and understood in said contract that the term of said lease should actually begin and operate from the date when said building should be, by plaintiff, duly completed and made in readiness for occupancy by defendant lessee, and that plaintiff expressly agreed that in the event plaintiff should not have said building in readiness for occupancy by June 1st, 1924, that the lessee would be entitled to charge against the plaintiff and the rentals due thereon liquidated damages at the rate of Six Hundred and Fifty ($650.00) Dollars per month, or any fractional part thereof, covering said time after June 1st, 1924, wherein the plaintiff shall have failed to complete said building and have the same in readiness for the occupancy of the defendant lessee. That said building was not completed and ready for occupancy until on or about September 16th, 1924, or for a period of three and one-half (3-1/2) months or approximately three and one-half (3-1/2) months after the date when plaintiff had contracted and agreed to complete said building for occupancy and that thereby plaintiff became obligated under the contract, to permit an offset in liquidated damages to the amount of 3-1/2 months at $650.00 per month, or a total of Twenty-Two Hundred ($2200) Dollars; and defendant charges that the matter was carried along between the parties without application of said credit by the parties expressly, but the defendant, within due time and before the completion of said contract and the final termination thereof, did offset said $2200.00 against alleged rentals due by plaintiff under the terms of said lease. That by reason of the facts, circumstances and conditions of said contract as aforesaid, and the application of said liquidated damages, which plaintiff was obligated to allow against said rent, and the common account running between plaintiff and defendant, said rentals alleged to be due by the plaintiff have been absorbed and the defendant is entitled to have the same off-set and balanced as fully paid, by reason of the terms thereof. Wherefore, defendant prays that plaintiff take nothing by his claim, and that the defendant go hence without day and recover its costs in this behalf expended."

Defendant's contention is, that the said allegations do not set up a cause of action for affirmative relief, but that they merely assert the right to reduce plaintiff's demand by reason of a breach by plaintiff of covenants of the contract, on which the plaintiff's cause of action is based.

■■ The allegations in said answer are merely deductions which the defendant has drawn from the covenant in the lease contract, in which is stated "that lessor shall pay liquidated damages at the rate of Six Hundred and Fifty ($650.00) Dollars per month, or any fractional part thereof" from May 1, 1924, until the building was ready for occupancy. The covenants in the lease do not admit of the deductions that the lessee would be entitled to charge the liquidated damages provided therein against the rentals due under the lease contract. The answer quoted is an independent action in the form of a set-off, or counterclaim, seeking to recover damages based on a breach of the covenant which occurred more than four years prior to the filing of such answer, and is therefore barred by limitation. Nelson v. San Antonio Traction Co., 107 Tex. 180, 175 S. W. 434, 436; Holliman v. Rogers, 6 Tex. 91; Walker v. Fearhake, 22 Tex. Civ. App. 61, 52 S. W. 629. In the case of Nelson v. San Antonio, etc., supra, the Supreme Court used this language: "The conclusion then is necessarily reached that if it was the subject of an independent action by the traction company against Nelson, and did not constitute payment to Nelson for any part of the contract made with the traction company, the statute of limitation would begin to run from the time each item of the claim against Nelson originated; and, if due and payable more than four years before the institution of the action by Nelson against the traction company, such claims of the traction company were barred by the statute of limitation. * * *"

We have examined the record carefully and believe that the rights of defendant were fully protected by a fair and impartial trial court. No error has been committed, either in overruling defendant's application for a continuance, or the action of the court on plaintiff's demurrers. Therefore, the judgment is affirmed.

Affirmed.