## TULSA RIG, REEL & MFG. CO. v. CAMERON–FLINT LUMBER CO.

No. 7704.

Circuit Court of Appeals, Fifth Circuit.

Dec. 4, 1935.

Rehearing Denied Jan. 10, 1936.

Glenn Alcorn, of Tulsa, Okl., and Sam R. Sayers, of Fort Worth, Tex., for appellant.

E. Y. Boynton, of Waco, Tex., and Thos. B. Ramey, of Tyler, Tex., for appellee.

Before HUTCHESON, Circuit Judge, and DAWKINS and STRUM, District Judges.

HUTCHESON, Circuit Judge.

Appellee sued at law for a balance of $11,601.36 on an itemized, verified account for lumber and building material furnished appellant. Appellant in first an original, and later, a first amended answer and cross-action, sued for an accounting of profits growing out of, and for damages for breach of, a contract it pleaded it had made with appellant.

Demurrers having been on March 13, 1934, sustained to the amended answer and

cross-action, appellant filed its second amended answer. In this answer it pleaded payment by services rendered and in the alternative pleaded the same services as offsets and by way of counterclaim.

Appellee demurred to this pleading that it was an effort to set off and counterclaim matters not properly so pleadable under the Texas statutes; that there was no warrant for its suit for accounting; and that the cause of action, asserted now for the first time on a verbal contract more than two years after the cause of action, if any had accrued, was barred. These exceptions were sustained; whereupon, defendant's proffered proof of the matters alleged having been rejected, a verdict was directed for plaintiff and judgment rendered in its favor for the amount sued for.

This appeal attacks that judgment and the rulings leading up to it as erroneous.

Appellant insists that the demurrers were erroneously sustained; that it should have had an opportunity to prove, if it could, the facts it pleaded, and that the judgment must be reversed that it may.

We think appellee in presenting its demurrers, and the court in ruling on them, misapprehended the contents and effect of appellant's second amended answer. It did not, as was assumed below, allege and sue for breach of contract. Paragraph 5 of the answer, which was stricken on demurrer, was a plea of payment. This paragraph undertook to plead and did plead, an agreement between plaintiff and defendant that plaintiff would pay defendant 5 per cent. commission on all sales, and that these commissions would be credited as payments on any sums due plaintiff for material sold defendant. It was not subject to any of the demurrers urged against it. The matters it pleaded were not set up affirmatively. They were alleged defensively; it was a plea of payment by services rendered. It set up the fundamental defense that plaintiff had been paid. Seley v. Colbert (Tex.Civ.App.) 272 S.W. 818. If, however, it be treated as setting up a counterclaim, article 2017, R.S. of Texas 1925[1] which appellant invokes would not stand in the way of its being asserted in this suit, Shaw v. Faires (Tex.Civ.App.) 165 S.W. 501; Wolforth v. A. J. Deer Co. (Tex.Civ.App.) 293 S.W. 590; Thomas v. Basden & Carrell (Tex.Civ.App.) 4 S.W.(2d) 336; Champlin Ref. Co. v. Gasoline Products, 29 F.(2d) 331; nor is the limitation exception any better founded, for both generally and under the Texas statutes, article 5539b, Vernon's Ann.Civ. St.Tex. (Acts 42d Leg. c. 115, § 1),[2] set-offsets or counterclaims of the nature of the one pleaded here, are not affected by limitation. Walker v. Fearhake, 22 Tex.Civ. App. 61, 52 S.W. 629; Shaw v. Faires, supra; Harbin v. Wood (Tex.Civ.App.) 285 S.W. 838.

For the same reasons it was error to sustain the demurrers to paragraph 6.

If appellant can prove what he pleads, he ought not to stand in judgment to plaintiff on the account sued on to the extent of the amounts he may thus show he has paid or is entitled to have offset against it.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

---

[1] "If the plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, the defendant shall not be permitted to set off any debt due him by the plaintiff. If the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff. However, the defendant may plead in set off any counter claim founded on a cause of action arising out of or incident to, or connected with, the plaintiff's cause of action."

[2] "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence."