**Matilda STEWART, Appellant,**

**v.**

**R. B. MINTON, Appellee.**

**No. 4440.**

Court of Civil Appeals of Texas, Eastland.

Feb. 19, 1971.

Rehearing Denied March 12, 1971.

**500**

———◆———

C. O. McMillan, Stephenville, for appellant.

Arthur Haddaway, Fort Worth, Joseph A. Chandler, Stephenville, for appellee.

WALTER, Justice.

George W. Stewart filed suit against H. C. Minton seeking to establish a trust in land or in the alternative to recover a share in the profits which could have been made from the sale of the land. Minton answered that the parties had a written agreement as follows:

"9/26–53

"Two hoom it may consern this is a agreement between H C Minton & Geo W. Stewart on land we bought & is in name of H. C. Minton & pd for buy H C Minton with his personal money the agreement is if H C Minton sells said land at a profit after fences Goat Shead & all money spent on said land are pd for they are to divide said net profit is 50–50 after all exp are paid & if said G. Stewart owes any money to H C Minton it is to come out of his part of profit of land. as all fences & sheads & tanks & rightway clearing has been paid for by H. C. Minton

H C Minton
Geo W. Stewart"

Minton also pleaded that contemporaneously with the execution of the written agreement Stewart executed his promissory note payable to him for $25,298.34 and asserted he was entitled to set-off the full value of the note against any amount recovered by Stewart.

Special issue 13 and 14 and the jury's answers are as follows:

"SPECIAL ISSUE NO. 13

Do you find from a preponderance of the evidence that the note for $25,298.34 executed by George W. Stewart was given as an agreement of the amount of the cost of the land, improvements and other expenses paid out of the land?

Answer 'Yes' or 'No'

Answer: <u>No</u>

SPECIAL ISSUE NO. 14

If you have answered Special Issue No. 13 'no', and in that event only then answer: From a preponderance of the evidence do you find that the note of $25,-298.34 signed by George W. Stewart represented money owed by George W. Stewart to H. C. Minton at the time?

Answer 'Yes' or 'No'

Answer: <u>Yes</u>"

Based upon other issues, the jury found that Stewart was entitled to recover from Minton a sum of money for his share of the profits. Since Minton was entitled to recover on the note which was for a greater amount than Stewart's recovery, the court rendered a take nothing judgment against the plaintiff. Matilda Stewart, Independent Executrix of the Estate of George W. Stewart, deceased, has appealed.

She contends there is no evidence and insufficient evidence to support the jury's answer to issue number 14, and that such issue is immaterial and that said note is

barred by the four year statute of limitation.

The note was dated September 26, 1953 and was due and payable on or before three years after date which would have been September 26, 1956.

 Stewart filed his original petition on August 25, 1960 about one month before the note would have been barred by limitations. The appellant has cited no cases or other authority supporting her contention on limitations. In support of his contention that the note was not barred, the appellee cites Shaw v. Faires, 9 Tex.Civ.App., 165 S.W. 501, (no writ hist.); Harbin v. Hood, Tex.Civ.App., 285 S.W. 838; 52 Tex.Jur.2d 220–221, Sec. 25 and 127 A.L.R. 909 at pages 916, 917.

In Harbin v. Hood the court said:

"* * * The rule in this state is that, where there are mutual debts held by the respective parties, and defendant's debt is not barred by limitation at the time plaintiffs' suit is instituted, defendant may by counterclaim set up his debt as a set-off to plaintiffs' demand, notwithstanding it may be barred as the basis of an independent suit at the time such counterclaim is filed."

We find the note was not barred at the time Stewart filed suit. Appellant's point on limitations is overruled.

 While testifying concerning the note inquired about in issue 14, Stewart said: "He never did—he never did say that that note was paid. I guess I still owe it to him." We consider this and other facts and circumstances in evidence some evidence of probative force and that it supports the jury's answer to issue 14.

We have considered the entire record and find the evidence is sufficient to support the answer to issue 14.

 We find no merit in appellant's point that the answer to issue 14 is immaterial. We find that Minton properly pleaded the note in his counterclaim. Stewart answered and pleaded payment, limitations and other defenses to the note. The evidence does not show that any of the defenses were conclusively established, and we find no jury findings supporting them. Stewart had the burden of pleading and proving his affirmative defenses. Rules 94, 95 Texas Rules of Civil Procedure: Southwestern Fire & Casualty Company v. Larue, Tex., 367 S.W.2d 162 (Sup.Ct.1963). Therefore, the court had no alternative than to render the judgment that was entered.

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.