GULF, COLORADO & SANTA FE RAILWAY COMPANY v. GEO. HODGES.
No. 2843.

1. **Duty of Railway Companies—Ordinary Care.**—Railway companies are required in moving their trains to use such care and diligence as ordinarily prudent men would use to prevent injury under the circumstances of the particular cases under investigation.

2. **Same.**—Ordinary care or diligence will vary with circumstances and conditions.

3. **Same—Erroneous Charge.**—It was error to instruct the jury that the defendant company was required to use such care and prudence as the most skillful, careful, and prudent engineers would use under similar circumstances.

4. **Practice—Imperfect Charge.**—An imperfect charge, though properly refused,

should be considered as a request by counsel made to the court to charge the jury upon the issue to which such charge was directed.

5. **Pleading.**—See allegations *held* sufficient to admit testimony showing the particular fact of negligence which caused the injury for which damages were sought.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*J. W. Terry,* for appellant. — 1. The measure of the defendant's duty to the plaintiff was the observance of such care and prudence as a person of ordinary care and prudence would observe under the same circumstances; and under this rule it was only required to have in charge of the engine an engineer of ordinary skill and prudence, and who would exert, under the circumstances, such skill and care as would reasonably be expected from an ordinarily skillful and careful engineer; and it was not required to have in charge of its engine one of the most skillful, careful, and prudent engineers; and the engineer in charge was not required to exercise such care and caution as an engineer of unusual or extraordinary care and caution might have observed. Railway v. Smith, 52 Texas, 183; Railway v. Sympkins, 54 Texas, 622; Railway v. O'Donnell, 58 Texas, 36, 39, 42; Railway v. Moore, 59 Texas, 67; Railway v. Garcia, 75 Texas, 583; 1 Sherm. & Redf. on Neg., 4 ed., sec. 47, and cases there cited; 2 Id., sec. 457; Rorer on Rys., sec. 1069; Railway v. Boyer, 97 Pa. St., 91; Thomp. on Neg., 397; Railway v. King, 7 Ga., 261; Railway v. Stallman, 22 Ohio St., 1; Gumb v. Railway, 53 N. Y., 466; Railway v. Terry, 8 Ohio St., 570; Railway v. Shires, 18 Ohio St., 255; Railway v. Bahrs, 28 Md., 647; Railway v. McDonald, 43 Md., 534; Unger v. Railway, 51 N. Y., 497; Gillgon v. Railway, 1 E. D. Smith, 453–57; Montford v. Smith, 36 La. Ann., 750; Improvement Co. v. Stead, 95 U. S., 161; Railway v. Owings, 28 Am. and Eng. Ry. Cases, 639.

2. If plaintiff recovers at all, it must be upon the acts of negligence alleged in the petition, and the charge of the court should restrict the jury in the consideration of the case to such acts of negligence, and should not be so broad in its terms as to permit the jury to find for plaintiff upon any theory of negligence which they might suppose existed, regardless of the specific acts of negligence alleged in the petition. Mims v. Mitchell, 1 Texas, 443–46; Lemmon v. Hanley, 28 Texas, 219–27; Denison v. League, 16 Texas, 399; Parker v. Beavers, 19 Texas, 406; Express Co. v. Darnell, 62 Texas, 639; 2 Myers' Dig., pp. 919, 920; Hall v. Jackson, 3 Texas, 305; Paul v. Perez, 7 Texas, 338–45; McKinney v. Fort, 10 Texas, 234; Price v. Railway, 3 Am. and Eng. Ry. Cases, 365; Batterson v. Railway, 8 Id., 123; Waldhier v. Railway, 71 Mo., 514; Railway v. Narcott, 41 Mich., 433; Railway v. Hennessey, 75 Texas, 155; Allerton v. Railway, 34 Am. and Eng. Ry. Cases, 563; Buffington v. A. & P., 64 Mo., 246; Railway v. De Camp, 11 Bradf., 475; Railway v. Stark, 38 Mich., 714.

On construction of charge.   Gorman v. Railway, 43 N. W. Rep., 303, .306, par. 4.

S. T. *Fontaine, F. W. Fickett,* and *W. B. Denson,* for appellee. — 1. ·"Railroad companies in operating their engines and trains along the ·streets of a city are required to use such care and prudence as the most skillful, careful, and prudent engineers would use under similar circum- ·stances; and if they fail to use such care and prudence they would be .guilty of negligence, and if such negligence causes an injury to another ·the company would be liable in damages for such injuries," is the proper ·charge, and announces the proper standard of care and diligence in such cases.   Railway v. Hewitt, 67 Texas, 476; Hughes v. Railway, 67 Texas, 596; 1 Thomp. on Neg., 351; Hahn v. Railway, 51 Cal., 605; Patt. on Ry. Acc., 153.

2.   Facts and circumstances alleged as constituting negligence, though imperfectly stated, but which tend to prove the case, will be held sufficient ·in the absence of a special exception directed to it, or an objection to the .admissibility of the evidence.   Rule, 47 Texas, 620; 5 Texas, 371; 48 ·Texas, 107.

HENRY, ASSOCIATE JUSTICE.—Appellee instituted this suit to recover ·damages for injuries to himself and to his horse and dray, charged to have been caused by the negligent operation of one of appellee's steam engines upon Postoffice Street, in the city of Galveston.

Plaintiff recovered a judgment for three thousand dollars.

Plaintiff was driving his horse attached to the dray along a narrow space between the railroad track and the curbing of the street.   There was evi- dence that when the engine passed him in the narrow space steam and .smoke were blown from it in such manner as to frighten the horse and ·cause it back the dray into collision with the engine, causing the injuries ·complained of.

The court gave the jury the following charge, which is complained of .as erroneous:

"The defendant company had the right to run its engine and car on ·its track on Postoffice Street, and in the operation of its engine and car upon the street is required to use such care and prudence as the most skillful and careful and prudent engineers would use under similar cir- cumstances; and if it failed to use such care and prudence it would be guilty of negligence, and if such negligence causes an injury to another, the company would be liable in damages for such injuries."

In the case of Cotton Press Company v. Bradley, the rule on the sub- ject is stated in the following language:

"The standard to test the question of negligence *vel non* is the com- mon experience of mankind, and implies generally the want of that care

and diligence which ordinarily prudent men would use to prevent injury under the circumstances of the particular case." 52 Texas, 599.

What is ordinary care or diligence will vary with the surrounding circumstances and conditions. The defendant requested and the court refused to give the following charge:

"You are charged that the defendant, having the permission of the city council of Galveston to construct and operate its railroad on Post-office Street, had the legal right to run its engines and trains on said street; and you are further instructed that an engineer is not required to stop his engine merely because he sees a party driving up the street parallel with the track; and if you believe from the evidence that the managers of the train were keeping a proper lookout, and saw the plaintiff driving up the street parallel with the railroad track, and that his horse appeared to be gentle, and there was nothing in the surrounding circumstances to indicate to the managers of the engine that the plaintiff's horse would get frightened and collide with the engine or train, and that the engineer managed the train with such care and prudence as a reasonably prudent man would have observed under the circumstances, then you will find for the defendant."

We think the charge given by the court was calculated to impress the jury with the belief that a greater degree of diligence was required of defendant's servants than the law exacts; and while we are not prepared to say that the charge requested should have been given if the charge of the court had been unexceptionable, especially without something on the subject of the escaping smoke and steam, we think it suggested to the court the correct general statement of the degree of care that the engineer was required to exercise.

Appellant complains of the refusal of the court to give the following charge: "The second amended petition, upon which the case is being tried, does not allege that smoke or steam was unnecessarily or negligently let off or blown from the engine, and therefore you can not find for the plaintiff on the ground that smoke or steam came from the engine, although you may believe that either or both did come from the engine; and unless you find for the plaintiff on some other issue in the case, under the charge of the court, you will find for defendant."

If the pleading had been as represented the charge would have been a proper one to give. The petition charges that plaintiff was, "by the negligence or carelessness of defendant, its agents and employes, run into by an engine and cars owned and controlled by the defendant, and operated and managed by its agents, as follows: That while plaintiff was driving along said street  *   *   *   defendant's cars and engine came around the curve in said street a short distance in front of plaintiff,  *   *   * and although they (defendant's servants) saw the great danger to which plaintiff was exposed if they should pass him in such a narrow way, they

refused to slow up or stop said engine, but went right on puffing and blowing its smoke and steam, and so frightened plaintiff's horse," etc. We think the allegation of negligence relates to and includes the emission of the steam and smoke, and that the charge was properly refused. We find in the record no other error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 14, 1890.