JOHN A. STOBIE, Respondent, v. JOHN EARP, Appellant.

**Kansas City Court of Appeals, December 19, 1904.**

1. **CONTRACT: Evidence: Verdict.** A promise or contract need not be evidenced by precise words or any particular formula of expression, but circumstances and reasonable inferences therefrom may be sufficient to sustain a verdict.

2. ———: ———: **Instructions.** Instructions relating to the existence of a contract are sufficient to sustain the verdict.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*R. B. Ruff* and *Alf. F. Rector* for appellants.

(1) The demurrer to the evidence offered by the defendant at the close of the case should have been given. (2) Instruction number one given for the respondent should not have been given. There was no evidence to base it upon. (3) The court erred in refusing to give instruction number three, asked by the appellant. Devitt v. Railroad, 50 Mo. 302. (4) Instruction number four, asked by defendant and refused by the court should have been given. State v. Gates, 20 Mo. 400.

*T. H. Harvey* for respondent.

(1) The court properly overruled defendant's instruction in the nature of a demurrer to the evidence. (2) Instruction number one on behalf of plaintiff was the law of the case and properly given. (3) The court committed no error in refusing to give instruction number three, asked by defendant. Perrette v. Kansas City, 162 Mo. 238. (4) Instruction number four was properly refused by the court.

ELLISON, J.—Plaintiff brought his action against defendant with attachment in and for seven hundred dollars. The attachment was dismissed and plaintiff had judgment on the merits, whereupon defendant appealed.

It appears that plaintiff leased his farm for one year to defendant for money rent. Afterwards, plaintiff purchased defendant's growing crop and his interest in the lease (save his right to continue in the house) for seven hundred dollars which plaintiff paid him. Afterwards, for satisfactory reasons (the crop not being yet matured) the parties agreed that defendant should again become the tenant of plaintiff and should render to plaintiff a share of the crop as rent. Afterwards the wheat was harvested. It was then sold by plaintiff, he paying over to defendant the latter's portion of the sale money.

Plaintiff claims that when defendant became his tenant for a share of the crop it was understood and agreed between them that defendant was to return to plaintiff the seven hundred dollars paid him for the crop. Defendant denies that he so agreed, and contends that no matter what plaintiff may have understood, that he did not contract to return or pay back the seven hundred dollars. On that issue the jury returned a verdict for plaintiff for seven hundred dollars and interest.

We think there is substantial evidence (the circumstances and reasonable inferences considered) to sustain the verdict. Plaintiff admitted in his testimony that defendant did not say, in express words, that he would pay back the seven hundred dollars he had received of plaintiff, but his testimony was such as to authorize the jury to say that such was the understanding of each party. A promise or contract need not be evidenced by precise words, or any particular formula of expression.

We find no such substantial objection to the instructions as would authorize us to reverse the judg-

ment. The principal ones asked by either party were given. Number three, refused for defendant, in all substantial respects was embraced within one given. Instruction number four, on the question of preponderance of evidence, was likewise properly refused since that was properly covered in another given at defendant's instance.

We have considered the record as presented, in connection with the oral and printed argument of counsel, and find nothing to justify our interference.

The judgment is affirmed. All concur.

