**ESTES v. BRYANT–FORT–DANIEL CO.**

(Court of Civil Appeals of Texas. San Antonio. Nov. 8, 1911.)

1. TRIAL (§ 139*)—JURY QUESTION—SUFFICIENCY OF EVIDENCE.

A material question of fact, which there is evidence to support, should be submitted to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

2. FRAUDS, STATUTE OF (§ 158*)—PROMISE TO PAY ANOTHER'S DEBT.

An oral promise by defendant to pay a debt of his brother to plaintiff, upon purchasing the brother's business, was prima facie within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Dec. Dig. § 158.*]

3. CONTRACTS (§ 322*)—PERFORMANCE OF CONDITIONS—EVIDENCE.

Evidence, in an action for merchandise bought by defendant's brother, *held* to show that the condition upon which defendant undertook to pay the account was not performed.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 322.*]

4. FRAUDS, STATUTE OF (§ 33*)—PAYMENT OF ANOTHER'S DEBT—CONSIDERATION.

An agreement to pay another's debt must be supported by a consideration moving to the promisor from the creditor.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 50–53, 56; Dec. Dig. § 33.*]

Appeal from District Court, Castro County; L. S. Kinder, Judge.

Action by the Bryant-Fort-Daniel Company against Percy Estes. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Carl Gilliland, for appellant. Barcus & North, for appellee.

JAMES, C. J. The case was tried in the district court on appeal from the justice's court. Appellee brought the action on an itemized account for merchandise, amounting to $105.66. The justice's judgment shows that plaintiff alleged that the goods were purchased by Claud Estes; that thereafter Percy Estes purchased the mercantile business of Claud Estes, in which said goods were purchased; that Percy Estes assumed the payment of said account, and agreed with plaintiff to pay the same; that the said assumption was made in writing; and that at the time Percy Estes assumed said account he had funds in his hands belonging to Claud Estes.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

The suit was brought against Claud Estes and Percy Estes, but in the justice's court plaintiff dismissed Claud Estes. The said judgment also shows that Percy pleaded the statute of frauds, failure of consideration (which was under oath), and general denial. No written pleadings appear to have been filed in the district court. Plaintiff and defendant respectively asked for instructed verdicts, and the court gave the one asked by plaintiff.

The testimony introduced by plaintiff was to the effect that after Claud Estes had sold his business to Percy Estes the latter, who owed Claud therefor a sufficient sum to discharge this account, on or about January 10, 1909, agreed orally and unconditionally to pay it to plaintiff.

Defendant testified that he told plaintiff's agent that he would pay the account, if he would get Claud to O. K. it, and get Claud to give him credit for it. He also testified that this had never been done. Also that he might have had some of the goods at that time. A letter from Percy Estes, signed by him, dated January 16, 1909, addressed to plaintiff, was as follows: "Draft came and I was going to pay it off, but Claud said he wanted an itemized statement, and will settle same account upon receipt of aforesaid statement." The above constituted the material testimony in the case. We think it did not warrant a peremptory instruction for plaintiff.

[1] If the case was considered by the court to depend upon the promise of defendant to pay the account, there was testimony that he promised to pay it upon certain conditions, which, according to the testimony, was never performed. That was a question of fact, and, if material, should have been submitted to the jury. The condition was attached to defendant's promise, both as testified to by him and as shown by the letter signed by him, and was never performed.

[2-4] The oral promise of Percy was to pay the debt of another, and prima facie was within the statute of frauds. The written one was a conditional one, and, though in writing, the uncontradicted evidence was that the condition was not performed. This puts the written promise out of the case, and makes it immaterial as an obligation. Defendant's liability therefore depended upon his oral, unconditional promise to pay, as testified to by plaintiff's agent. That promise being an oral one to pay the debt of another, it devolved on plaintiff to show facts taking it out of the statute. Ridgell v. Reeves, 2 Willson Civ. Cas. Ct. App. § 438. It was not shown, as plaintiff had alleged, that defendant in the purchase from Claud assumed the debt. It was not shown that Claud had agreed with defendant that the latter should pay this debt, or in any way requested or authorized him to do so, except

from what appears in defendant's letter of January 16, 1909, which showed that defendant was not to pay it until plaintiff had furnished an itemized statement of the account. Claud doubtless had his reasons for wanting the itemized statement. It was not shown that any consideration whatever moved from plaintiff for defendant's promise. Hill v. Frost, 59 Tex. 26.

Appellee in his brief relies mainly upon the case of Blankenship v. Tillman (App.) 18 S. W. 646. That case was one in which Tillman owed Barnett, and it was agreed between them that Tillman was to pay the amount of the debt to Blankenship & Blake Co., to whom Barnett was indebted. The present case does not fall within what was decided in that case, or in any of the other cases cited by appellee. The court erred in giving the peremptory instruction: On the contrary, the peremptory instruction asked by appellant should have been given.

· Reversed and rendered for appellant.