## FIRST NAT. BANK OF KOSSE v. SHAW. (No. 28.)

(Court of Civil Appeals of Texas. Waco. Feb. 21, 1924. Rehearing Denied April 3, 1924.)

**1. Contracts ⬥27—Contract may be implied in fact.**

There may be a contract implied in fact as well as an express contract; the only difference being the character of the evidence by which established.

**2. Contracts ⬥169, 170(1)—Surrounding circumstances to be considered; practical construction to be considered.**

In arriving at the intention of the parties to a contract and in the interpretation of the agreement, it is proper to consider the subject-matter of the contract, the situation of the parties, and the purpose they had in view in making the agreement, and the language used by them should be viewed and interpreted in the light of such conditions, and the acts and conduct of the parties occurring subsequent to the making of the contract and throwing light thereon are admissible, providing they do not violate the rule forbidding self-serving declarations and acts.

**3. Contracts ⬥168—Law will imply obligation if parties intended the assumption of one.**

If the intention of the parties and the consideration upon which an obligation is assumed are that there shall be a correlative obligation on the other side, the law will imply that obligation.

**4. Contracts ⬥50—Nothing is consideration which parties do not regard as such when entering into contract.**

Nothing is consideration for a contract which the parties do not regard as such at the time of entering into it.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Frauds, statute of ⬥33(1)—Valid consideration must move to promisor to support promise to pay debt of another.**

Where the promise is to pay the debt of another, there must be a valid consideration moving to promisor, since detriment to promisee alone is not sufficient; it being immaterial that the one to whom a naked promise is made has suffered detriment through relying upon it.

**6. Appeal and error ⬥930(3)—Issue not submitted or requested will be deemed found to support judgment if any evidence to support such finding.**

Under the statute, an issue not submitted and not requested will be deemed found in such a way as to support the judgment, if there be any evidence to support such finding.

**7. Trial ⬥350(4)—Court's refusal to submit special issue of indebtedness on which case was tried held error.**

In an action against a bank and a tenant on an agreement that if plaintiff would not foreclose his landlord's lien on his tenant's cotton but would allow bank to sell the same, the bank would pay plaintiff's claim, and which was tried on the issue of whether tenant was indebted to the bank which desired to protect and collect its debt, the court erred under Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, in refusing to submit a special issue embodying that theory, and having done so, in finding that there was other consideration to support the agreement, since the issue of indebtedness by tenant to the bank was the ultimate fact to be ascertained.

**8. Landlord and tenant ⬥232—Judgment against bank promising to pay landlord's claim from sale of tenant's cotton not excessive.**

In an action against a bank on an unconditional agreement that, if plaintiff would not foreclose his landlord's lien on his tenant's cotton but would allow bank to sell the same, the bank would out of the proceeds pay plaintiff's claim, where the bank received the proceeds but had permitted the tenant to draw $480 against the cotton and paid over such proceeds to a creditor whose claim, to its knowledge, was inferior to that of plaintiff, a judgment for less than the first draft drawn against the cotton was not excessive as more than the cotton finally brought.

**9. Limitation of actions ⬥41—Tenant's claims not barred as of date of filing suit by landlord held proper subjects of offset.**

In an action against a bank and a tenant for the amount of a landlord's lien on cotton sold by the bank, the court erred in excluding tenant's proof of offsets for labor as barred by limitation at the time of the filing of tenant's plea setting them up, since the filing of landlord's suit stopped limitation as to such offsets as tenant pleaded, so that, if tenant's claims were not barred at that date, they were proper subjects of offset.

**10. Appeal and error ⬥880(3)—Appellate court unable to reverse for error in disallowing offsets of nonappealing defendant.**

In an action against a bank and a tenant for the amount of a landlord's lien on cotton sold by the bank, the appellate court could not reverse for error in disallowing certain offsets of tenant for work done for landlord, where the tenant pleaded the offsets but reserved no bill, and did not appeal, while the bank reserved its bill but did not plead them.

**11. Limitation of actions ⬥202(2)—Not assumed that offsets less than two years old at date when suit filed.**

In an action filed December 16, 1921, against a bank and a tenant for the amount of a landlord's lien on cotton sold by the bank in which tenant pleaded certain items as offsets, and the account contained items in 1918 and 1919 without any more definite date, the appellate court could not assume that any of the items were incurred after December 16, 1919, or in view of Rev. St. art. 5687, that the items were not due until the end of the year so as to avoid the bar of limitations.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by J. C. Shaw against the First National Bank of Kosse and another. Judgment for plaintiff, and named defendant appeals. Reversed and remanded as to appealing defendant, and affirmed as to the other defendant.

Robert F. Higgins, of Marlin, for appellant.

N. J. Llewellyn, of Marlin, for appellee.

SPIVEY, J. Appellee brought suit against appellant and one John Smith, who was a tenant of appellee, for rent and advances owing by the tenant, and as cause of action against appellant, alleged that certain of the cotton raised by the tenant had been shipped from Marlin, Tex., to Houston, Tex., by either the tenant or appellant, without the knowledge or consent of appellee, and that as soon as appellee learned of this, he went to the appellant and informed its president, W. L. Forbes, that he (appellee) held a landlord's lien upon said cotton for certain rents and advances named, and that they (appellant and appellee) then and there had an agreement that if appellee would not foreclose his landlord's lien but would allow appellant to sell the cotton, appellant would, out of the proceeds, pay appellee's claim.

Appellant denied generally, and among other things pleaded that there was no consideration for the bank's promise, if any was made.

The case was submitted to the jury upon special issues, among which was issue No. 1 as follows:

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Did the plaintiff, J. C. Shaw, and President Forbes of the First National Bank of Kosse have an understanding or agreement on or about October 20, 1920, that the cotton of John Smith (who was the tenant) which was shipped to Houston, should be sold by said bank, and that out of the money received for the same the claim of the plaintiff, Shaw, for rents and advances against John Smith would be paid by said bank?"

—which issue the jury answered in the affirmative; and upon this and the answers to other issues relating to the amount of rent and advancements owing by the tenant to plaintiff, judgment was rendered against appellant and the tenant.

Appellant requested submission of the following issue:

"If you answer the first issue submitted by the court in the negative, you need not answer this, but if in the affirmative, then answer this question, at the time of such agreement did defendant John Smith owe anything to the First National Bank of Kosse?"

—which issue the court refused to give.

From the judgment the bank alone has appealed, and assigns, among other errors, that the evidence fails to show that there was any consideration for the bank's promise, if any was made, and that the court erred in refusing to submit said requested special issue, and that the judgment is excessive as against appellant.

The only direct evidence of the agreement between appellant and plaintiff, aside from the testimony of appellant's president, who denied having made any agreement at all, is that of the plaintiff, who testified as follows:

"I went to Kosse the very next day (after the cotton was shipped) and saw the bank over there. I understood the bank had a mortgage on his crop (tenant's crop), and I went to the bank the very next day and called Mr. Forbes, the president of the bank, and told him that I had a claim against John Smith (the tenant) about paying for the picking of the cotton and things like that; and he said, 'All right, go ahead and make out your account and send it in and I will allow your account.' I came back perfectly satisfied with that arrangement. * * * I told him that I wanted the rents and $75 of the advances I made for picking cotton and he said, 'Make out your account and I will allow it.' * * * He (referring to the tenant) owed me $75 and I told Mr. Forbes he (Smith) owed me for advances for picking cotton and owed me rent on the cotton, and he (Forbes) said, 'All right, you just send in the account.' I told this bank here that he owed me at that time rent on the cotton and also for advances I made. Mr. Forbes didn't ask me how much it was. He told me to make out my account and send it to him and he would allow it. He didn't say he would pay me and what was left he would take for the bank. * * * "

From other evidence it appears that the rent to which plaintiff was entitled was one-fourth of the cotton or its proceeds; and that when sold in April or May of the year after that in which it was raised, it brought "a little over $600," which is as definite as can be stated from the evidence; and also from the above testimony of plaintiff, the only advancement made by him to the tenant, of which appellant was advised, was $75, and this is the only amount it agreed to pay in addition to rent. So that, under the undisputed evidence, the only judgment which should have been rendered against appellant, in so far as this issue is concerned, was $150 for rent and $75 for advancements. And while the petition does not pray for interest, it contains prayer for general relief, and it may be that thereunder plaintiff would also be entitled to interest from the date payment should have been made.

But if there was no consideration for appellant's promise, then of course plaintiff would not be entitled to recover anything against appellant; and this leads to the discussion of that issue and of the refusal of the court to submit the above quoted special issue, in view of another trial.

It is to be noted that nothing was said in the conversation between plaintiff and appellant's president as to allowing appellant to sell the cotton, nor as to the plaintiff not foreclosing his lien upon it. But appellee relies upon the language used by appellant's president, and upon the facts and circumstances surrounding the parties, and upon their acts, to show that a promise on the part of appellee not to foreclose and to permit the bank to sell the cotton was implied, and that appellee did forbear accordingly.

[1-5] There may be a contract implied in fact as well as an express contract; and there is no difference in principle between the two, but only a difference in the character of the evidence by which they are established. Fordtran v. Stowers, 52 Tex. Civ. App. 226, 113 S. W. 631. And in arriving at the intention of the parties, and in the interpretation of the agreement, it is proper to take into consideration the subject-matter of the contract, the situation of the parties, and the purpose they had in view in making the agreement; and the language used by them should be reviewed and interpreted in the light of such conditions. Royal Ins. Co. v. Texas, etc., Ry. Co., 53 Tex. Civ. App. 154, 115 S. W. 117, 123; Texas Glass Co. v. Southwestern Iron Co. (Tex. Civ. App.) 147 S. W. 620; Barber v. Herring (Tex. Com. App.) 229 S. W. 472. Likewise the acts and conduct of the parties occurring subsequent to the making of the contract and tending to throw light upon it are admissible (Stobie v. Earp, 110 Mo. App. 73, 83 S. W. 1097), provided they do not impinge upon the rule forbidding self-serving declarations and acts. And if the intention of the parties and the consideration upon which

the obligation is assumed are that there shall be a correlative obligation on the other side, the law will imply that obligation. Griffith, v. Bradford (Tex. Civ. App.) 138 S. W. 1072; Marvin v. Rogers, 53 Tex. Civ. App. 423, 115 S. W. 863. However, nothing is consideration for a contract which the parties do not regard as such at the time of entering into it. Nunn v. Lackey, 1 White & W. Civ. Cas. Ct. App. § 1331; Philpot v. Gruninger, 14 Wall. 575, 20 L. Ed. 743. And where the promise is to pay the debt of another, there must be a valid consideration moving to the promisor. Detriment to promisee alone is not sufficient; as, in such cases, it makes no difference that one to whom a naked promise is made has suffered detriment through relying upon it. Estes v. Bryant (Tex. Civ. App.) 140 S. W. 1177; Bluff Springs Mercantile Co. v. White (Tex. Civ. App.) 90 S. W. 710; Denver Pressed Brick Co. v. Le Fevre, 25 Colo. App. 304, 138 Pac. 434; Bragg v. Danielson, 141 Mass. 195, 4 N. E. 622; Witt v. Wilson (Tex. Civ. App.) 160 S. W. 309.

Under the foregoing principles and such others as may be applicable when applied to the facts upon another trial, it should be determined whether there was or was not a valid consideration for appellant's promise.

[6, 7] We are not unmindful of the rule that under the statute an issue not submitted and not requested should be deemed as found in such way as to support the judgment, if there be any evidence to support such finding; and it might be said that there was a consideration for the promise, wholly aside from the issue of whether the tenant was indebted to appellant, and that it was trying to protect and collect its debt. But the facts and circumstances tending to show the situation of the parties, the surrounding circumstances, and the purpose of the agreement, were brought out only incidentally during the trial, while we think it clearly appears that the case was tried upon the theory and issue of whether the tenant was indebted to appellant, and that the latter desired to protect and collect its debt, and that it was upon this question that the special issue was asked by appellant.

Under these circumstances we have reached the conclusion that it was error for the court to refuse to submit such special issue and, having done so, to then find that there was other consideration to support the promise. The question of whether there was a valid consideration to bind the bank is the controlling issue in the case; and, while there may appear to be other consideration than the fact of indebtedness by the tenant to the bank and its effort to protect same, if such should be found to be the case, still, on account of the attitude which both parties assumed in the trial court, the issue of indebtedness by the tenant to appellant became the ultimate fact to be ascertained, rather than an evidentiary fact which otherwise it might have been. It has frequently been held that where a case is submitted upon a general charge, and a special charge is requested which presents an issue not presented in the general charge, although the special charge may be defective in form or substance but is sufficient to call the court's attention to the omission, it thereupon becomes the duty of the court to submit the issue correctly. City of Sherman v. Greening (Tex. Civ. App.) 73 S. W. 424; Mo. Pac. Ry. v. Fagan (Tex. Civ. App.) 27 S. W. 887; St. Louis S. W. Ry. v. Rea (Tex. Civ. App.) 84 S. W. 428, 433; Kirby v. Estill, 75 Tex. 484, 12 S. W. 807; Gulf, etc., Ry. v. Hodges, 76 Tex. 90, 13 S. W. 64. And it has been held that it was not the purpose of the Legislature, in providing for special verdicts, to deprive litigants of any substantial and valuable right necessary for the protection of their interests, as the same existed before the passage of the act. Tex. & N. O. Ry. v. Harrington (Tex. Civ. App.) 209 S. W. 691. In view of another trial, we have refrained from discussing the facts or their probative force. Whether there was a consideration is a fact issue which should be submitted separately. Vernon's Stat. Act 1984a.

[8] Appellant also complains that the amount adjudged against it was excessive because it was more than the cotton brought when finally sold. Four hundred eighty dollars had been drawn against the cotton by the tenant through appellant bank, who forwarded the draft for collection. Under the evidence and in deference to the judgment, it must be held that the proceeds were returned to the bank after the agreement was made; and, while the evidence does not show that the tenant gave any direction for disposition of the proceeds, the bank paid them over to a creditor, "which," as stated by the president, "was where it belonged." And in addition to the above amount appellant received upon the sale of the cotton, an additional amount of about $120. Plaintiff's claims against the cotton were superior to the rights of any others disclosed, which appellant must have known, and were less in amount than the first draft drawn against the cotton, and appellant's promise was an unconditional one. So that, as to this feature, the judgment was not excessive.

Appellant also assigns fundamental error, in that judgment was rendered against it for rent and advances when appellant did not sue for the item of rent. The petition may be subject to special exception in this respect, but we think the allegations are sufficient as against general demurrer.

[9] Appellant also assigns error upon the action of the court in sustaining objections to certain offsets pleaded by the tenant against plaintiff. The tenant answered separately

from appellant, and, among other things, pleaded that appellee was indebted to him for labor performed and material furnished at the special instance and request of appellee during the years 1918, 1919, and 1920, to the amount of $130.75, which the tenant prayed should be credited on his indebtedness to appellee. He offered to prove these items, but this proof and the items were excluded by the court upon objection "that they appeared to be barred by the statute of limitation of two years at the time of the filing of said defendant's plea setting them up." The bill recites that the court excluded such of them as were more than two years old at the time the tenant filed his answer on October 26, 1922.

The court was in error in excluding the items upon the reasons stated for doing so. The plaintiff's suit was filed December 16, 1921, and, under the rule recognized in this state, the filing of the plaintiff's suit stopped limitation as to such offsets as the tenant pleaded, so that, if the tenant's items were not barred at that date, they were proper subjects of offset. Crook v. McGreal, 3 Tex. 487; Holliman v. Rogers, 6 Tex. 91; Walker v. Fearhake, 22 Tex. Civ. App. 61, 52 S. W. 629; Shaw v. Faires (Tex. Civ. App.) 165 S. W. 501; Nelson v. Traction Co., 107 Tex. 180, 175 S. W. 434.

[10, 11] But we cannot reverse for this error for two reasons: First, only the tenant pleaded the offsets but reversed no bill and has not appealed, while appellant reserved its bill, but did not plead them; second, under the rule announced in the cases cited next above, no items which were over two years old at the date the suit was filed, December 16, 1921, were available as offsets. The account contained items in 1918 and 1919, without other or more definite date; so that all items incurred prior to December 16, 1919, were barred. We cannot assume that any of the items in the account were incurred after December 16, 1919. If there were such it was the duty of the tenant or of appellant to have so proven, together with the amount, which was not done. The tenant testified that he thought some of the items were incurred in 1920, but did not testify to any amounts; and therefore the court could not have allowed any credits even if he had felt it his duty to do so. Again, we cannot assume that the items in the tenant's account were not due until the end of the year. Under the statute, and in the absence of proof, we must hold that each item became due when incurred. Smyth v. Walton, 5 Tex. Civ. App. 673, 24 S. W. 1084; R. S. art. 5687.

The tenant, John Smith, not having appealed, the judgment of plaintiff against him is affirmed. For the errors pointed out, the judgment against appellant is reversed, and the cause remanded.

## On Rehearing.

Appellant has filed a motion for rehearing, showing much research, and in which he complains, among other things, that we erred in finding that no consideration was shown for the promise of the bank to pay appellee's claim. We do not think our opinion is susceptible of that construction. On the contrary, we intentionally did not pass upon appellant's assignment of insufficiency of evidence to show consideration, nor comment on the evidence, but left that issue to be passed upon by the jury under appropriate instructions, or by the court. We have also considered the other points raised in the motion, but find no sufficient reason or ground for changing our previous rulings.

The motion is therefore overruled.