## CONTINENTAL STATE BANK OF RISING STAR v. SEIBOLD.

### No. 12850.

Court of Civil Appeals of Texas. Fort Worth.

May 27, 1933.

Rehearing Denied July 22, 1933.

R. N. Grisham, of Eastland, for appellant.

Kilgore & Rogers and Fred T. Couper, Jr., all of Wichita Falls, for appellee.

LATTIMORE, Justice.

Appellee held a first mortgage, payable in installments with acceleration clause, on the Eanes farm. Appellant held a second mortgage on that farm. On January 8, 1930, the agent of appellee wrote to appellant:

"It seems that John A. Eanes is up against it and cannot make payment due on his loan on his 158⅛ acres in Eastland County, on which we have a loan secured by first deed of trust.

"Our records show and Mr. J. R. Eanes tells me that you have a second and inferior lien on this land for something like $1000.00 or $1100.00.

"Before doing anything further or creating any costs or expense, I am calling the situation to your attention, although I assume that you are already familiar with it, and I ask that you let me hear from you so that I may know where we stand in this matter and what we must do.

"Thanking you to let me hear from you at once.

"Yours very truly
"[Signed] Fred T. Couper.

"For your information, our loan is $2080.00, and a year's interest was due Jan. 1st, also one principal note of $150.00."

After some inconsequential correspondence, appellee wrote, on January 17, 1930:

"Your letter of the 14th to hand, but it does not give me much information or help the situation any. I do not want to let this matter drag, and if I am going to have to foreclose my lien, I might as well go ahead and have it behind me, I do not, however, desire to add to the costs of expense if you intend to protect my loan. But I doubt very seriously if Jno. Eanes is going to be able to do anything.

"I notice in the abstract where this land sold a few years ago for something like $6,000, and my loan is $2080.00 plus one year's interest, so I am not worrying a great deal.

"However, I do want to know your attitude and intentions in the matter. Kindly let me hear from you as to this."

To which appellant replied: "In reply to your letter of the 17th, beg to advise that if Mr. Eanes will deed us his equity in the farm, subject to his debt, we shall be glad to protect your loan as it matures. I want him, however, to save his equity, and suggest that you wait on him a while if necessary in the hope that he will dig up your money. Of course, if he will not deed us his equity and it becomes necessary, we would be disposed to foreclose our second lien notes. I see no necessity of your proceeding with foreclosure, for you are safe either way it goes."

Eanes did deed the farm to appellant "subject to the debts," and appellant paid the past-due installments and interest and during the next year and a half sent the money to appellee's agent to pay the further installments and interest as same fell due.

In 1931 the principal balance of the mortgage became due and the appellant declined to pay the same, denying that it had accepted liability for same. It developed on trial that

the appellant had in fact sold the farm and was, unknown to appellee, sending the accruing payments in after taking their vendee's notes for same. The farm was sold under foreclosure and this suit is for the deficiency of the note from said sale. On trial before the court judgment was for the holder of the first mortgage on a finding that appellant assumed to pay the note.

We think appellee brought himself within the rule announced in such cases as First National Bank v. Shaw (Tex. Civ. App.) 260 S. W. 309, that for such a promise of assumption to be valid there must be a valid consideration moving to the promisor, detriment to the promisee alone not being sufficient. The import of the letters of the agent of appellee is that appellee was then moving to declare the entire first mortgage note due and foreclose the same and that the farm was then worth said mortgage. This foreclosure would have stripped appellant's note of its security. Appellant thus received the benefit of appellee's foregoing that procedure and in reliance upon the promises stated in appellant's letter, appellee has suffered a detriment by that course if the farm was then worth the amount of the first lien, for by the decline in values it failed to pay that first mortgage. Appellant received the benefit of that extended time which it admits it was seeking in an effort to find a purchaser who would pay both mortgages.

We are of the opinion that the trial judge cannot be said to have abused his discretion in holding that the appellant assumed the obligation to see that appellant's note was paid. In the first place we are unable to say that appellant's letters do not justify that finding.

Moreover, those letters, taken in connection with the conduct of appellant in regard to the farm and the payment of the installments, interest, taxes, etc., thereon, are inconsistent with any other idea than that appellant knew that appellee understood the appellant to have undertaken the payment thereof.

Affirmed.