**W. T. ROBERTS, Appellant,**

v.

**VERNON MUD COMPANY, Inc., Appellee.**

**No. 15995.**

Court of Civil Appeals of Texas.

Fort Worth.

April 10, 1959.

Rehearing Denied May 15, 1959.

238

James E. Day, Jr., Dallas, for appellant.

Kenneth Johnson, Wichita Falls, for appellee.

MASSEY, Chief Justice.

The question to be resolved is whether the two year statute of limitation has been successfully interposed to defeat a claim for material furnished.

Article 5526, Vernon's Ann.Civ.St., "Actions to be commenced in two years", reads as follows: "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * *. 5. Actions upon stated or open accounts, other than such mutual and current accounts as concern the trade of merchandise between merchant and merchant, their factors or agents. In all accounts, except those between merchant and merchant, as aforesaid, their factors and agents, *the respective times or dates of the delivery of the several articles charged shall be particularly specified, and limitation shall run against each item from the date of such delivery, unless otherwise specially contracted.*" (Emphasis supplied.)

The suit brought was on sworn account. The account incorporated and attached as an exhibit written memoranda of material delivered to a drilling site between dates of June 15, 1956, and July 4, 1956, inclusive. Each written memorandum of delivery showed the date of delivery of specified materials which were generally "drilling mud" ingredients used in the completion of the drilling of oil and/or gas wells. On the line beginning "Sold To" the name "Seaboard Oil Co." was written on each memorandum, and the location and well number was usually set out as "W. T. Roberts No. 1". An invoice dated July 14, 1956, addressed to Seaboard Oil Company for the total amount of $2,324.19 was mailed on or about that date as the total amount charged for the material used at the drilling site and well. Shortly after the date of the invoice, the Seaboard Oil Company informed the supplier (plaintiff) that it should have been sent to W. T. Roberts (defendant), and the same invoice was promptly mailed to him. It was ignored and all subsequent letters seeking payment thereof were ignored.

Suit for the collection of the account was filed on July 12, 1958. This was a date over two years subsequent to the last delivery of materials to the site of the well known as "W. T. Roberts No. 1", but before two years had expired following the July 14, 1956, invoice date. Answer to the suit was filed, embracing the plea of limitation.

■ We believe the plea should have been sustained and that the judgment of the court below must be reversed. Though plaintiff plead no usage or custom, a part of its proof embraced such as related to the particular locality where it did business.

and as to its own particular practice relative to billing procedure. Even if the specific provisions of statute did not render such proof pointless, nevertheless it could not be treated as having been entered into by the parties and forming a part of the contract and affecting the rights of the parties thereto as it was not pleaded, nor did the proof in the record show any knowlege thereof or agreement thereto on the part of the defendant. See 42 Tex. Jur., p. 861, "Usages and Customs", sec. 26, "Pleading". See also the following case which is similar to this: Smyth v. Walton, 1893, 5 Tex.Civ.App. 673, 24 S.W. 1084.

 Indeed, there is a want of evidence in the record that the defendant ever contracted with the plaintiff. It seems that the plaintiff intended to and thought that it was contracting with the Seaboard Oil Company until it was informed that its bill should be sent to the defendant after having submitted its invoice. The evidence shows merely that it delivered the materials to the drilling site without any proof whatever as to any request having been made therefor. The only implication in the record is to the effect that a request therefor had been received from Seaboard Oil Company, which is not a party to the suit. This was an "Open Book Account" (see 54 C.J.S. Limitations of Actions § 164, p. 111, "—Open Book Account") and in Texas is not to be regarded on the same footing as mutual and current accounts as concern the trade between merchant and merchant, etc., which is specifically excepted from the operation of Article 5526. It is therefore our opinion that we cannot do otherwise than treat the two year limitation period as having run against each item delivered from the date of delivery thereof.

The last item was delivered over two years prior to the date the suit was brought and even had it drawn unto itself the items which were delivered earlier, nevertheless the limitation period would have run. It is contended by the plaintiff that actually their materials were not delivered until they were used, presumably sack by sack, from the pile where they were deposited at the drilling site. Even lending credence to this contention, it is noted from the transcript that the material which had not been used by the defendant was picked up after the well was completed on July 11, 1956, a date over two years prior to that on which the suit was filed.

There being no proof of contractual agreement to the contrary, the amount owing to plaintiff for the items delivered accrued as indebtedness on the dates of their delivery to the premises of "W. T. Roberts No. 1", all of which were delivered over two years prior to the date suit was filed. The specific provisions of the statute apply and, in view of defendant's interposition of the limitation defense, plaintiff is not entitled to judgment.

Judgment is reversed and rendered.